ORIGINAL

FILED

2017 JAN 11  PM 3: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

1   Wayne Spindler

2

3   P.O. Box 16501

4

5   Encino, CA. 91416-6501

6   (213) 381-1403—phone  (213) 381-5542-fax

7

8   *In propia persona*

9

10              **UNITED STATES DISTRICT COURT**

11          **LA CV17 00250-JLS-E**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

14   **Wayne Spindler,**                      )

15                   **Plaintiff,**           )

16                                            )   Case No.: _____
                                             )
17   **vs.**                                  )

18   **City of Los Angeles; Herman J.**       )   **COMPLAINT FOR DAMAGES
                                             )   FOR FIRST, FOURTH, FIFTH,**
19   **Wesson Jr.; Hugo S. Rossitter; Eric**  )   **EIGHTH AND FOURTEENTH
                                             )   AMENDMENT TO US**
20                                            )   **CONSTITUTION; CALIFORNIA**
     **Reade; Nelly Nava-Mercado;**           )   **CONSTITUTION PURSUANT TO**
21                                            )   **UNDER 42 U.S.C. § 1983**
22   **and Does 1 to 10,**                    )

23                                            )

24                   **Defendants.**          )

25   _____

26

27

28



## I.     JURISDICTION AND VENUE

1. As this case involves questions which arise under the U.S. Constitution and the the the laws of the United States, the jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331. The Court has jurisdiction to issue relief pursuant to the Declaratory Relief Act, 28 U.S.C. § 2201 and 2202. This court has jurisdiction to hear Plaintiffs' pendent state claim through the doctrine of supplemental jurisdiction set forth at 28 U.S.C. § 1367.

2.   Venue is proper for the United States District Court for the Central District of California under 28 U.S.C. § 1391 (b). Defendants reside in the Central District, and the acts and omissions complained of herein have occurred and will occur in the Central District.

## FACTS

1. Herman J. Wesson Jr. who also uses a name not his legal name as "Herb J. Wesson Jr." in his individual and his official capacity as President of the Los Angeles City Council, and an elected City Councilman in the 10th District of said City, and as Chair of the powerful Rules and Elections Committee.

2. Hugo S. Rossitter  in his individual and his official capacity as a employee of the Los Angeles City Attorney's Office, City Attorney IV. Mr. Rossitter's duties are as an employment attorney and specialist in "threat

management" and secures legal papers against people of whom are deemed

a "threat."

   3.  Eric Reade is an L.A.P.D. Detective and head of the elite "T.M.U."

or "Threat Management Unit." Detective Reade's duties and activities of the

"T.M.U" are mostly secretive activities but apparently are involving the

elimination of any "threat" against highly placed entertainers, lawyers, lobbyists,

and City employees.

   4. Nelly Nava-Mercado is a detective that was assigned by L.A.P.D. to be

the arresting officer and filing officer of a felony complaint and arrest warrant for

Plaintiff involving an incident of May 11, 2016.

   5. The City of Los Angeles is a municipal corporation and a "chartered

City" that employs the above 4 Defendants Wesson, Rossitter, Reade, and

Nava-Mercado.

   6. All of the above Defendants are those of whom violated Plaintiffs'

rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendment and Article

1, Section 2 of the California Constitution. References herein to the "First

Amendment" collectively encompass both the First Amendment to the U.S.

Constitution and Article 1, Section 2 of the California Constitution.

   7... The Plaintiff is a private non-public person who speaks and publicly

participates in City of Los Angeles meetings at City Hall, and the

Los Angeles Police Commission, Committee meetings, Commission meetings

and other meetings including neighborhood council meetings.

   3. Defendants have targeted Plaintiff as a "troublemaker" and "Racist" for doing

nothing more than peacefully and lawfully defending his rights. The City is a

municipal corporation which enacts and enforces laws, including laws affecting the

conduct of public meetings. It is an employer and a chartered city of the State of

California.

   4. On several occasions the Defendant, through various employees or other

people elected, or volunteers deemed "employees" or "qualified immunity "

persons acting at or at the behest of the City of Los Angeles, a municipal

corporation. The entities of the City of Los Angeles include the Rules, Elections

Committee, the Los Angeles City Council, The Office of the City Attorney, and

the Los Angeles Police Department, all of whom are employed by or are working

or acting on behalf of the Defendant. The Defendant thus covers the individuals

under "qualified immunity" thus as a form of *respondeat superior*.

   5.    As alleged herein, the City has adopted and enforced a written policy and

has actual and/or constructive knowledge that in the conduct of its public meetings,

including meetings of the Rules, and Elections Committee, there is a

policy and/or pervasive practice that is so permanent and well-settled as to

constitute a custom and usage with the force of law, to selectively censor the

speech of certain persons, including Plaintiff, who express views that are critical of

the City and/or its officials, through the unconstitutional use and enforcement of

"Rules of Decorum," part hereof by this reference ("the Rules") and related

policies and practices, as well  as criminal prosecutions, obtaining Restaining

orders directed by the Threat Management Unit or "T.M.U," fabricating reports

including perjured statements under oath, press conferences to further the

lies, use of high powered lobbyist contacts such as from firms as "Englander,

Knabe, and Allen" including removing such persons from public meetings and

otherwise interfearing with their right to speak and/or their right to assemble at

such public meetings, and by tolerating and/or acquiescing in such policies and

practices and in the suppression of such constitutional rights and by failing, after being on notice thereof, to train, supervise, monitor and correct City officials who preside over such public meetings and members of General Services Police Officers, within the Office of Public Safety, Department of General Services ("Police Officers"). Plaintiff alleges that the wrongful acts and omissions alleged herein violate his Right to Free Speech, his Right of Assembly and his Right to Due Process of Law, contrary to the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 2 of the California Constitution, as impermissible prior restraints on protected expression in a public forum, under laws and rules that, on their face and as applied, are impermissibly vague and lack adequate guidelines, thereby allowing authorities unbridled discretion to abridge. constitutional rights, including Plaintiffs constitutional rights.

6.  Prior to the filing of this action, Plaintiff, attempted to resolve this matter, thereby saving time, effort and expense, without burdening the court, but the City has failed to respond. In compliance with the California Tort Claim Act, on or about various dates less than ninety 90 days after the events in question

and prior to the filing of this action from 2016 and this year, Plaintiff, presented his claims to the City in a letter, a true and correct copy of which are attached hereto as Exhibits and are made a part hereof by this reference, which claims were addressed to the proper party, gave the City adequate notice that litigation would ensue if the matter was not resolved, gave the City sufficient time to investigate the matter and provided an address where Plaintiff could be contacted. Said claims have been deemed or are deemed to have been rejected by the City.

7.    Defendant City is a municipal entity, organized under the laws of the State of California with the capacity to sue and be sued. The City is the legal and political entity responsible for the actions of its officers and employees.

8.    At all times herein the City was acting under color of law.

9.    Defendants, at all times material hereto, were acting as Officers of the a Committee, or as Executive Officers of a Committee, or Legal Counsel to such or police officers thereto and each person is being sued as an individual and in his official capacity. At all times, Defendants were acting under color of law. Plaintiff is informed and believes each Defendant resides in the County of Los Angeles.

## FACTUAL ALLEGATIONS

The Law in California for public meetings and access to them is called

The Ralph M. Brown Act. This law has been trampled on, not just violated,

But TRAMPLED ON by the Defendant and its agents, employees, and other

volunteers. The Public is limited to 1 minute of public comment or and

when they speak they are cut off in mid sentence, are tossed out of meetings

for false claims of "disruption" or their speaker cards are "misplaced"

or "lost" over "overlooked" many times.

According to the Rules of the Board, all "meetings of the Board shall

be in a municipal or other facility open to the public and with reasonable provision

for attendance by the public;" that at any public hearing, "members of the public

are invited to express their views on a particular subject" and that "members of the

general public may  address the Board orally at any meeting with regard to any

matter on which the Board is deliberating at such meeting..."

There have been in this suit 1 claims of such violations and all these

claims have been DENIED by the City Attorney of Los Angeles. (exhibit A).

As well, 1 claim to the L.A.P.D (The Los Angeles Police Department have been

lodged by Plaintiff and denied by the City (Exhibit B.)

The Defendant also runs an organization called the Los Angeles Department Water and Power (L.A.D.W.P.)

The Defendant always ignores its resident's claims of help. They also have draconian ways to deal with those they disagree with or who expose their Corruption at times.

One such occasion happened at the Van Nuys City Hall building of the powerful Rules, Elections, and Neighborhood Empowerment Committee meeting of May 11, 2016 at 6 pm. The meeting chair, Defendant Herman J. Wesson Jr. who uses the fake first name "Herb" was unbelievably angry at Plaintiff for his comments the D.W.P. proposal and read out his true name, breaching his anonymity and called Plaintiff and "idiot" and threatened to beat him up and then was told to LEAVE THE BUILDING—even though they were with some exceptions allowed to attend the remainder of the PUBLIC MEETING UNDER THE BROWN ACT. (Speaker Card, Exhibit G.)

Mr. Wesson also on the record "informed" the City Attorney about Plaintiff's speaker card which contained writings showing a cartoon and comments about Mr. Wesson that said he was equal to a "Nigger" and that said on the opposite side the words "F-U-Herb." The cartoon shows a tree and a person hanging from it on the front, an item looking like a cross burning, and a hooded cartoon with cute little

feet, and a tongue stuck out carrying what is a small sign that reads "Herb =

Nigger." For the past several years, many people have submitted speaker cards

containing cartoons, doodles, and other things on them about the City which is

actively nearing bankruptcy, according to a Los Angeles Times story on January

10, 2017. Mr. Wesson has been called a "Nigger" many many times by black

people mostly and also by other folks, and that he is called a "Nigger" because

he is a "sell-out" of his constituency and his City and thus acts like a "Nigger"

as best described by rap artists such as "N.W.A.", "N.A.S," and Ice-T. This is the

**opinion** of these public speakers. As well, the City of Los Angeles had a water

conservation program featuring a blue water drop with eyes, feet, and face and

resembled a **hooded figure** like a funny KKK caricature. Plaintiff thus seeing the

D.W.P. as "lynching" the rate payers, which he is one for excessive high bills and

fees sees the City Hall itself as a **hooded figure** coming always to "lynch" the

rate-payers for more and more money, and hanging the rate-payers with these

obscene costs. The City itself is being destroyed by corruption, as if it is a burning

cross on a hill. The cartoon was a doodle scribbled on one of Plaintiff's speaker

cards which he submitted to speak. The City knows that Plaintiff knows that they

are ripping off the taxpayers of the City and expresses these opinions often.

    What usually happens a lot happened---Plaintiff was tossed out and or berated

or insulted by the Councilman who also chairs the weekly 3 Council meetings. The

[Spindler v. City of Los Angeles II. Complaint] - 10

Plaintiff was escorted out by L.A.P.D. sergeant of arms without incident **or arrest or charge of any kind.**

Two days later, on May 13, 2016 literally on the steps of Downtown City Hall the LAPD had 6 or more officers surround Plaintiff and a Detective Reade and Nava-Mercado took Plaintiff directly to the Metropolitan Detention Center across the street from City Hall East then booked him into the Metropolitan Detention Center and set a bond of $75,000 ($50,000 for a felony making a "criminal threat" and another $25,000 for a "hate crime." (exhibit B.) 8½ hours LATER—PLAINTIFF HAD TO POST BOND AND WAS FINALL RELEASED, missing two important meetings that Friday.

The D.A. next then on the arraignment date, FILED NO CHARGES (exhibit C ) on the June 10, 2016 arraignment date. However, Defendant Rossitter along with NBC cameramen in tow and an entire entourage with Defendant Reade and Wesson had gotten a 3 year Restraining Order in L.A. Superior Court (Exhibit D)

This is of course the arrest was malicious and ILLEGAL. The unlawful arrest and restraining order was a bogus attempt as a free speech suppressant. And it worked perfectly. **This is the second time the Defendants did this, the first time was for a misdemeanor "failure to disperse" incident and a lawsuit was filed in the Central District.** (Exhibit J.)

The Defendants hates the Plaintiff and is using suppression tactics against his

rights to public participation in a strategic litigatory and vindictive way. There are

many other incidences of these Brown Act and 1rst Amendment violations.

Wearing a hood and drawing KKK like drawings and swastikas and the like on

Speaker cards are expressions of Plaintiff's political message protected by the First

Amendment in protest over the suppression of free speech, in general and the

oppression of Plaintiff as a White American by Afro-American and Jewish

American City Officials, in particular. the incendiary epithet "Nigger," and

"Jewboy" are symbols of blatant racism toward African Americans by LAPD.

Wearing a hood and drawing KKK like drawings and swastikas and the like on

Speaker cards are expressions of Plaintiff's political message protected by the First

Amendment in protest over the suppression of free speech, in general.

The detention for the false arrest on May 13, 2016 was excessive force

and cruel and unusual punishment for something merely to try to speak at a

public meeting for a minute or two. (Exhibit A-claims filed and denied.)

Comment Speakers" requires a "warning" before a person who has violated the

Rules can be ordered to leave, on the other hand The Rules of Decorum, as

interpreted and as applied by Defendants, are impermissible prior restraints on free

expression and the right of assembly; are content based restrictions on protected

expression; are vague and ambiguous, and allow for unbridled, discretion

enforcement based on subjective analysis by Defendants The Rules of Decorum

have been and will continue to be used to chill; intimidate, and deny

constitutionally protected political expression and freedom of assembly, in the

absence of declaratory and injunctive relief from the Court. Since the Rules of

Decorum implicate fundamental First Amendment rights, and alleged violations

can result in criminal penalties, the Rules of Decorum are subject to strict

scrutiny with regard to their constitutionality under both a First Amendment and

Due Process analysis. Comment Speakers" requires a "warning" before a person

who has violated the Rules can be ordered to leave, on the other hand, the Rules

of Decorum, as interpreted and as applied by Defendants, are impermissible prior

restraints on free expression and the right of assembly; are content based

restrictions on protected expression; are vague and ambiguous, and

allow for unbridled, discretionary enforcement based on subjective analysis by

Defendants' Rules of Decorum have been and will continue to be used to chill; intimidate, and deny constitutionally protected political expression and freedom of assembly, in the absence of declaratory and injunctive relief from the Court. Since

the Rules of Decorum implicate fundamental First Amendment rights, and alleged violations can result in criminal penalties, the Rules of Decorum are subject to strict scrutiny with regard to their constitutionality under both a First Amendment and Due Process analysis. Comment Speakers" requires a "warning" before a person who has violated the Rules can be ordered to leave, on the other hand, the Rules of Decorum, as interpreted and applied by Defendants impermissible prior restraints on free expression and the right of assembly; are content based restrictions on protected expression; are vague and ambiguous, and

allow for unbridled, discretionary enforcement based on subjective analysis by Defendants The Rules of Decorum have been and will continue to be used to chill; intimidate, and deny constitutionally protected political expression and freedom of assembly, in the absence of declaratory and injunctive relief from the Court. Since the Rules of Decorum implicate fundamental First Amendment rights, and alleged violations can result in criminal penalties, the Rules of Decorum are subject to strict scrutiny with regard to their constitutionality under both a First Amendment and Due Process analysis.

Are the City officials trying to perpetuate their own power"? Depending on the

subjective meaning adopted by a City official for the term "impertinent," which term is not defined in the Rules, a speaker could be silenced or ejected from a public meeting based on the negative viewpoint being expressed regarding matters of public interest under discussion at the meeting. Consequently, the Rules do not provide people of ordinary Intelligence a reasonable opportunity to understand what conduct or speech is prohibited and instead authothe and encourage arbitrary and discriminatory enforcement. Furthermore, the Rules impose an unconstitutional prior restraint by conditioning the free exercise of First Amendment rights on the unbridled discretion of government officials under regulations which do not contain narrow, objective and definitive standards. The rules as applied and interpreted are suppressing free expression.

   *Black 538* U.S. 343, *359—360* (2003), or does it mean more broadly, to give a

   sign or warning, or to portend ("the speaker *threatened* that if the City raised

   the entrance fees to its facilities, fewer people would come and the City would

   actually lose money" or "the speaker *threatened* to resign from the citizen's

   commission.

       Plaintiff and other speakers at the City public meetings are entitled under the Constitution to express views which "invite dispute" and which include "a condition of unrest, creates distractions with conditions as they are, or even stirs people to action" *Lenninielo v. Chicago* 337 U.S. 1 (1949.) Protected speech is

       "is often provocative and challenging .It may strike at
       prejudices and preconceptions and have profound unsettling effects as it
       presses for acceptance of an idea." *Id.*

The City cannot use the Rules to impose "standardization of ideas" by punishing

viewpoints which City officials subjectively find "impertinent," "abusive,"

            "slanderous" or "threatening."

See *Cohen* v. *California*, 403 U.S. 15 (1971) (a jacket bearing the words "Fuck the

Draft" worn in a courthouse hallway is constitutionally protected).

This intention is thereby depriving Plaintiff of his legal and constitutional rights or

otherwise causing injury, for which Defendants are liable to Plaintiff for an award

of punitive and exemplary damages.

       The discriminatory enforcement of Rules and laws furthermore imposes an

            unconstitutional prior restraint by conditioning the free exercise of First

                Amendment rights and allows unbridled discretion of Government officials

            under color of law narrow, objective and defined standards. The term

            "threatening" is a overly broad, vague, content-based,


viewpoint-based term, which imposes a prior restraint on protected speech.

 unconstitutional vague and ambiguous content-based.

Plaintiff and other speakers at the City's public meetings are entitled under the

            Constitution to express views which "invite dispute" and which induce "a

            Condition which must allow punitive and exemplary damages.

  Councilmen are trying to perpetuate their own power"? Depending on

the subjective meaning adopted by a City official for the term "impertinent,"

which term is not defined in the Rules.

a speaker could be silenced or ejected from a  public meeting based on the negative

viewpoint being expressed regarding matters of public interest under discussion at

the meeting. Consequently, the Rules do not

 provide people of ordinary Intelligence a reasonable opportunity to understand

what conduct or speech is prohibited and instead authothe and encourage arbitrary

and discriminatory enforcement. Furthermore, the Rules impose an

unconstitutional prior restraint by conditioning the free exercise of First

Amendment rights on the unbridled discretion of government officials under

regulations which do not contain narrow, objective and definitive standards.

### THE APRIL 2016 SMOKING GUN

On April 27, 2016 **two full weeks before the meeting and 16 days before the**

**arrest (Exhibit I) Defendant Rossitter prepared an affidavit stating that the**

**Plaintiff "(1) Defendant gave a speaker card during a City Council meeting**

**that depicted violent conduct such as hanging…"** Mr. Rossitter was written

about last year (Exhibit I) as having a lot of outside businesses, actually 3, when

making a **full time salary over $200,000 a year**. Mr. Rossitter did not register

these businesses for payment of tax licenses, etc. As well, the signatures on the

paperwork **are different on several sections.**

## DEFENDANT WESSON IN FINANCIAL DIRE STRAITS AND POSSIBLY MORE.

Defendant Wesson under oath **failed to disclose his name! (exhibit H.) He apparently uses a FALSE OR FLAG NAME** because his affidavit for a restraining order against Plaintiff failed to cite the most simple of items on a declaration **under penalty of perjury—ones TRUE NAME HE USES!**

Defendant Wesson has had major financial troubles including having to satisfy late **Tax Liens and defaults on at least one piece of real estate (Exhibit H.)**

Mr. Wesson, according to published reports, also fudged some very important voter registration paperwork in what appears may be **voter fraud and perjury.**

As well, Mr. Wesson apparently took federally backed mortgages in **two different names "Herb Wesson" and "Herman Wesson" AND DEFAULTED ON BOTH!** In his press statements he even contradicts his sworn statements that he was afraid to being incredibly angry (Exhbiit F—Daily news.)

Mr. Wesson went on a press barrage---(exhibit F) calling for a lynch mob of every community group possible to attack Plaintiff. Plaintiff as a result lost nearly all his business, tens of thousands of dollars, and had and has currently death threats. The threats are so serious, that Plaintiff cannot hold regular business hours in his business for fear of harm to himself and clients.

The national media covered this situation and forever has labeled Plaintiff as a racist, a misogynist, and homophobic, and a KKK member! This media coverage was on KNBC, KCBS, KNX 1070; KABC, FOX, Daily New, L.A. Times, and others. The Infowars reporter Howell even covered the story on "The Lip" and Plaintiff was reported as losing his law license and being a criminal!

These false light attacks by Defendant Wesson are forever a damage to Plaintiff.

## THE CONSPIRACY

There are conduits that Defendant Wesson and Rossitter used in this case to destroy the life, business, and reputation of Plaintiff. One is the Lobbying firm of Englander, Knabe, and Allen (EKA) and the other is the Bakewell family who own the L.A. Sentinel.  EKA is the largest lobbying firm in LA. City and depends on moving through its agenda for clients that pay millions to get things passed by Council. Bakewell has business with the City. Both **need Wesson** to do these things fast. EKA has a partner, Eric Rose that went to the State Bar to agitate a disbarment process against Plaintiff. Someone has been seeking out Plaintiff's clients and getting them to file bar complaints or demand all their money back in droves. Rose also twice, according to the Times sources filed complaints himself against Plaintiff to get his license revoked. The State Bar itself apparently contacted Mr. Bakewell and worked with him to get this done as far back as **June**

**2016!** The LAPD also filed an additional report after June 10, 2016 to **heavily lobby the D.A. to file the criminal charges against Plaintiff!**

Several of Plaintiff's clients had their immigration stays **revoked. Two nearly were deported, and one man was deported!** One of the clients was "handed off to ICE on June 10, 2016—the same day as Plaintiff was railroaded in his TRO hearing and his arraignment date.

Plaintiff was disarmed and even filed to remove himself from the voter rolls permanently. Essentially, the Defendants **disarmed the Plaintiff, advertised this and created a life threatening situation where Plaintiff would be attacked and killed without so much as a weapon to defend himself!**

Plaintiff went into hiding and still has to move around all the time as he is constantly followed, harassed, and intimated as a result of the damning of his name and reputation.

It is believed that this whole scheme was a scheme to extort money from Plaintiff. In one of the phony bar complaints, one woman attempted to extort over $7,000 from Plaintiff. It is possible Defendant Wesson saw a two fold opportunity: to drive away Plaintiff forever from politics and whistle blowing and also to get himself money in exchange for dropping what would have been a felony prosecution. These type of prosecutions could bankrupt a person alone in the attorney's fees. Defendant Wesson was in dire financial straits and needed

money.

The Defendants also are not regulated by the County, State, or Federal regulators and agencies---they are essentially unsupervised to carry out whatever misdeeds they wish. Even the D.A. in her December report takes backhanded shots at Plaintiff---it is an all powerful monopoly of power at City Hall.

No one has any rights to citizenship as a taxpayer at L.A. City Hall. There is no choice---one must withdraw completely from their civic duty as citizens.

As a result of uncovering corruption at City Hall, lose **everything!**

## CAUSES OF ACTION

## <u>FiRST CLAIM FOR RELIEF</u>

### <u>Violations of First. Fifth, and Fourteenth Amendment and Article I, Section 2 of the California Constitution Regarding Unconstitutional Arrest.</u>

By reason of the forgoing, including the illegal arrest and expulsion of Plaintiff from the Public Meetings, which thereby denied him the right to attend And Defendants have improperly interpreted and applied Section PC 422(A) **in an illegal manner to suppress and violate Plaintiff's civil rights.**

Plaintiff did not actually disturb or break up the Public Meeting. On the contrary, *Cohen v California,* 403. U.S.15(1971) Consequently, Plaintiff has been impeded in his efforts to carry out constitutionally protected activities as described

above, and, accordingly, he has and will suffer damages as a result of Defendants' actions. Absent relief from this Court, Plaintiff will suffer irreparable harm. Plaintiff's right to freedom of speech and freedom of assembly will continue to be violated. There is a very real threat of imminent future violations of Plaintiff's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendment **and** Article 1, Section 2 of the California Constitution.

An actual controversy now exists between Plaintiff and Defendant concerning his right to express himself and to peaceably assemble at public meetings of the City including whether Plaintiff will continue to be threatened with criminal prosecution if his intended activities are deemed by Defendants not be in compliance with their interpretation of applicable law.

Plaintiff has suffered damages as a direct result of the actions of the Defendants, including violations of his constitutional rights; denial of the right to peaceably assemble; denial of his due process rights; denial of the right to speak at a public meeting on a matter of public concern; the humiliation of being arrested and forced to leave a public meeting; the requirement to appear in court on criminal charges; emotional distress and the loss of enjoyment of life, for which Plaintiff is entitled to compensatory damages as provided by law and subject to proof at trial.. Plaintiff is informed and believes and upon such information and belief alleges that by reason of the foregoing, including his willful and intentional

misconduct Defendants acted with reckless or callous disregard, and with

deliberate indifference for Plaintiff's constitutional rights, with an evil motive or

intent to censor Plaintiff and prevent him from exercising his Right to Free Speech,

Right of Assembly and Right to Due Process, with malice and oppression,

and with the intention of thereby depriving Plaintiff of his legal and constitutional

rights or otherwise causing injury, for which Defendants owe to Plaintiff for an

award of punitive and exemplary damages.

## II. SECOND CLAIM FOR RELIEF
### Violations of First. Second, Fourth, Fifth, and Fourteenth Amendments and Article Section 2 of the California Constitution Regarding Enforcement of Unconstitutional Rules of Decorum and application of them

The foregoing allegations in Paragraphs 1 through 32 are incorporated

intothe Second Claim for Relief as though fully set forth herein The Rules of

Decorum and their enforcement violate the First Amendment because they

contain provisions which constitute impermissible prior restraints on speech.

The terms are vague and lack adequate standards or guidelines for

enforcement City officials have unbridled discretion to enforce these Rules.

Threats complained of herein were directed towards intimidating Plaintiff

from the lawful exercise of his constitutional rights. The failure to enact laws

and rules that give reasonable notice activities subject to criminal penalties

and the failure to adopt precise standards and guidelines by which to guide

City officials in applying such laws and rules violates Plaintiff's rights to Due

Process under the First, Fifth and Fourteenth Amendments.

Consequently, Plaintiff has been impeded in his efforts to carry out

constitutionally protected activities as described above, and, accordingly, have and will suffer damages as a result of Defendant's actions and Absent relief from this Court, Plaintiff will suffer irreparable harm. Plaintiff's right to freedom of speech will continue to be violated. There is a very  real threat of imminent future violations of Plaintiff's First Amendment and Due Process rights. An actual controversy now exist between Plaintiff and Defendants concerning his right to express himself and to peaceably assemble at public meetings of the City including whether Plaintiff will be able to continue tobe threatened with criminal prosecution if his intended activities are deemed by Defendants not be compliance with their interpretation of applicable law. Plaintiff has suffered damages as a direct result of the actions of the Defendants, including violations of his constitutional rights; denial of the right to **peaceably** assemble; denial of the right to speak at a public meeting on a matter of public concern; the humiliation of being arrested and forced to leave a public meeting; the requirement to appear in court on criminal charges; emotional distress and the loss of enjoyment of life, for which Plaintiff is entitled to compensatory damages as provided by law and subject to proof at trial. Plaintiff is informed and believes and upon such information and belief **alleges that** by reason of the foregoing, including his willful and intentional misconduct, Defendants acted with reckless or callous disregard, and with deliberate indifference, for Plaintiffs constitutional rights, with an evil motive or intent to censor Plaintiff and prevent him from exercising his Right to Free Speech, Right of Assembly and Right to Due Process, with malice and oppression, and with the intention of thereby depriving Plaintiff of his legal and constitutional rights or

otherwise causing injury, for which Sanders is liable to Plaintiff for an award of punitive and exemplary damages.

### III. THIRD CLAIM FOR RELIEF
### Fabrications

Failure to intervene in the unlawful detention and arrest by Defendants per

*U.S. v. Koon* 34 F.3d 1416 (9th Cir. 1994.)

### IV. FOURTH CLAIM FOR RELIEF
### BANE ACT CAL. CIV. CODE §52.1

City is vicariously liable for its acts of its employees as an employer

### V. FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION

Defendants abused the prosecution of a T.R.O. and 3 year injunction against

Plaintiff based upon a fabricated and pre-fabricated set of facts calling a lawful

action of handing in a speaker card "a criminal threat."

### VI. SIXTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT, ATTEMPTED EXTORTION, MALICIOUS

### INTERFEARANCE WITH BUSINESS RELATIONS, HARASSMENT,

### RETALIATION, THEFT, AND ANTI-SLAPP

Defendants detained, attempted to extort money and concessions of liberty,

destroyed Plaintiff's reputation and his ability to conduct business relations,

harassed, retaliated, and discriminated against Plaintiff. As well, Plaintiff's guns

and all ammo were taken and destroyed by the malicious actions of Defendants.

Defendants also have actively engaged in strategic litigation against public

participation of Plaintiff by a ruse of a "restraining order" which has been

attempted by Defendants to be used to again falsely arrest and detain, and harass

Plaintiff.

PRAYER FOR RELIEF

Therefore, Plaintiff requests judgment against Defendants and each

of them, as follows:

1. For a preliminary and permanent injunction enjoining Defendants and their

agents, servants, employees, and successors in office, and all persons acting

in concert with them or at their direction or under their control, from enforcing

Penal Code solely on the basis of constitutionally suspect actions without authority

of law, willfully engages in actual disruption of an assembly or meeting that is not

unlawful in its character other than an assembly or meeting referred to in Section

302 of the Penal Code or Section 18340 of the Elections Code.

2. For a preliminary and permanent injunction enjoining Defendants

and their agents, servants, employees, and successors in office, and all persons

acting in concert with them or at their direction or under their control, from enforcing the Rules of Decorum of the Los Angeles City Committees and Commissions by Commissioners and Councilpersons solely on the basis of constitutionally protected speech, except where the suspect engages in actual disruption of a meeting of the Commission or Council.

      3.  For a declaratory judgment that the Rules of Decorum, as interpreted and applied in the case of violating the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U. S. Constitution and Article 1, Section 2 of the California Constitution

      4. For an Order directing that the May 13, 2016 citation to Plaintiff for violation of Penal Code Section 422(A) be expunged *in* any and all files maintained by Defendants.

      5. For compensatory damages against Defendants as permitted by law and according to proof at trial, in favor of Plaintiff.

      6, For punitive damages against Defendants Wesson, Rossitter, and Reade as permitted **by** law and according to proof at trial, in favor of Plaintiff.

      7. For attorneys fees and costs as provided by law, including but not limited to 42 U.S.C *§* 1988 and California Code of Civil Procedure *§* 1021.5. 10

      8. For any further relief as this Court deems just and proper.

1
2
3
4
5
## PRAYER FOR JURY TRIAL
6
7  Plaintiff demands a jury trial on his claims and for punitive damages.
8
9                              Dated this 11th day of January 2017
10
11
12
13
14                              Wayne Spindler
15                              *In propia persona*
16
17
18
19
20
21
22
23
24
25
26
27
28

J. Miller v. City of L.A. II

# Exhibits List

| Exhibit # | Description | Page(s) |
|---|---|---|
| A. — | Denied claims By City of L.A. (2 claims) | Pages 29-38 |
| B. | Arrest and Posting of $75,000 Bond | 39-40 |
| C. | Decline to File Charges By D.A. (twice) June and December | 41-45 |
| D. | restraining order And transcript of Hearing And Notice of Appeal | 46-62 |
| E. | Loss of right to Bear arms and Vote | 63-64 |
| F. | Newspaper Articles | 65-71 |
| G. | Speaker Card 5/11/16 | 72-73 |
| H. | "Herb" Wesson items of interest | 74-79 |
| I. | Hugo Rossitter items of Interest | 80-83 |
| J. | November 2015 illegal Arrest | 84 |

28A



**MICHAEL N. FEUER**
CITY ATTORNEY

July 12, 2016

Wayne Spindler
19352 Vanowen St.
Reseda, CA 91335

     RE:     Our Claim No.: C16-05540

Dear Wayne Spindler:

The subject claim against the City has been referred to this office.

Upon review of the circumstances of your claim and the applicable law, it has been determined that your claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

## ***WARNING***

"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."

"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

Very truly yours,

THOMAS WONG
Chief Investigator

TWONG:JMORA
Telephone: 213-978-7081
Enclosure(s)

Exhibit A     29

## PROOF OF SERVICE BY MAIL

I, JACQUELINE M MORA, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 12, 2016, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C16-05540 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Wayne Spindler
19352 Vanowen St.
Reseda, CA 91335

I declare under penalty of perjury that the following is true and correct. Executed on July 12, 2016, at Los Angeles, California.

_____
JACQUELINE M MORA

30

FORM CONT. 100-A (Rev. 7/01)

**CLAIM FOR DAMAGES**

TO PERSON OR PROPERTY

RESERVE FOR FILING STAMP

CLAIM NO. _____

**INSTRUCTIONS**

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurrence. (Gov. Code Sec. 911.2)
2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)
3. Read entire claim before filing. Claim can be mailed or filed in person. No faxes accepted.
4. See Page 2 for diagram upon which to locate place of accident.
5. This claim form must be signed on Page 2 at bottom.
6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.
7. Fill out in duplicate. ONE COPY TO BE RETAINED BY CLAIMANT.
8. Claim must be filed with CITY CLERK, (Gov. Code Sec. 915a) 200 NORTH SPRING STREET, ROOM 395, CITY HALL, LOS ANGELES, CA 90012

*[Filing stamp:]* RECEIVED CITY CLERK'S OFFICE 2016 MAY 16 PM 4:17 CITY CLERK BY EGG DEPUTY

TO: CITY OF LOS ANGELES

Name of Claimant: **Wayne Spindler**

Age of Claimant: **46**

Home address of Claimant: **19352 Vanowen St**   City, State and Zip Code: **Reseda CA 91335**   Home Telephone Number: **(661) 341-7710**

Business address of Claimant: **856 S, Hoover St L.A. CA 90005**   City, State and Zip Code   Business Telephone Number: **(213) 381-1403**

Give address to which you desire notices or communications to be sent regarding this claim: **19352 Vanowen St Reseda CA. 91335**

How did DAMAGE or INJURY occur? Please include as much detail as possible.
**False Arrest, False charge of §422(a), P.C. excessive Bond $75,000 us. $50,000 By Detectives own statements. Illegal Detention. Violation of Civil Rights**

When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.
**MAY 13, 2016. Between Approx. 6:30pm - 8:30pm**

Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:
**L.A. City Hall entrance—**

What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.
**Was Denied access to (2) Public Hearings that Day**

Please list the names and address of Witnesses, Doctors and Hospitals:
**L.A.P.D Detectives on List of charges, Dozen employees of L.A. City, LAPD Seargants of arms, Public Members**

**31**

SEE PAGE 2 (OVER)   THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

Forcing the posting of $ 75,000 Bond to be able to Attend
Public Meetings

What is the AMOUNT of your claim?  Please itemize your damages:

$ 750,000

If you have received any insurance payments, please give the names of the insurance companies:

N/A

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners.  Please indicate where North is on the diagram.

Note: if the diagram does not fit the situation, please attach your own diagram.



| Signature of Claimant or person filing on claimant's behalf giving relationship to claimant: | Print Name: Wayne Spindler | Date: 05/16/16 |

32



OFFICE OF THE CITY ATTORNEY
MIKE FEUER
CITY ATTORNEY
200 North Main Street, 6th Floor
Los Angeles, CA 90012

9130535056 C010

33



**MICHAEL N. FEUER**
CITY ATTORNEY

July 12, 2016

Wayne Spindler
19352 Vanowen St.
Reseda, CA 91335

     RE:     Our Claim No.: C16-05541
Dear Wayne Spindler:

The subject claim against the City has been referred to this office.

Upon review of the circumstances of your claim and the applicable law, it has been determined that your claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

***WARNING***

    **"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

    **"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

           Very truly yours,

           THOMAS WONG
           Chief Investigator

TWONG:JMORA
Telephone: 213-978-7081
Enclosure(s)

34

## PROOF OF SERVICE BY MAIL

I, JACQUELINE M MORA, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  July 12, 2016, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C16-05541 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:


Wayne Spindler
19352 Vanowen St.
Reseda, CA 91335


I declare under penalty of perjury that the following is true and correct. Executed on  July 12, 2016, at Los Angeles, California.



_____
JACQUELINE M MORA

35

FORM CONT. 1056 (REV. 2/70)

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

RESERVE FOR FILING STAMP

CLAIM NO. _____

CITY CLERK'S OFFICE
CITY CLERK
2016 MAY 16  PH 4: 17
BY _____ DEPUTY

### INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurrence. (Gov. Code Sec. 911.2)

2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)

3. Read entire claim before filing. Claim can be mailed or filed in person. No faxes accepted.

4. See Page 2 for diagram upon which to locate place of accident.

5. This claim form must be signed on Page 2 at bottom.

6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.

7. Fill out in duplicate. ONE COPY TO BE RETAINED BY CLAIMANT.

8. Claim must be filed with CITY CLERK, (Gov. Code Sec. 915a)
   200 NORTH SPRING STREET, ROOM 395, CITY HALL, LOS ANGELES, CA 90012

TO: CITY OF LOS ANGELES

| Name of Claimant | Age of Claimant |
|---|---|
| Wayne Spindler | 46 |

| Home address of Claimant | City, State and Zip Code | Home Telephone Number |
|---|---|---|
| 19352 Vanowen St. | Reseda CA. 91335 | (661) 341-7710 |

| Business address of Claimant | City, State and Zip Code | Business Telephone Number |
|---|---|---|
| 856 S. Hoover St | L.A. CA. 90005 | (213) 381-1403 |

Give address to which you desire notices or communications to be sent regarding this claim:
19352 Vanowen St Reseda CA. 91335

How did DAMAGE or INJURY occur? Please include as much detail as possible.

Herb Wesson Jr, Council President tossed me out of a Meeting Because He threatened And Held me in a False Light, Retaliating For Public Speech.

When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.

May 18, 2016 Between 10:40 Am to 8:30 PM

Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:

Van Nuys City Hall, 2nd Floor Sylvan Ave, Van Nuys, CA

What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

Herb Wesson Jr, L.A. P.D. Valley Alliance of Neighborhood Council - Joint Meeting Sponsor

Please list the names and address of Witnesses, Doctors and Hospitals:

Herb Wesson Jr. Jim Banks-Barad LAPD Sgts. Morris/Duarte
Councilman Harris-Dawson Dr. Pickle Various City Employees
Councilman Fuentes V.A.N.C. Various Speakers  36

SEE PAGE 2 (OVER)                THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

What DAMAGE or INJURIES do you im resulted? Please give full extent of uries or damages claimed:

*First Amendmet, CA. Const. 2nd right*
*Brown Act,  False Light tort*

What is the AMOUNT of your claim?  Please itemize your damages:

*$ 25,000*

If you have received any insurance payments, please give the names of the insurance companies:

*none*

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners.  Please indicate where North is on the diagram.

Note: if the diagram does not fit the situation, please attach your own diagram.

SIDEWALK

CURB →

PARKWAY

SIDEWALK

CURB →

CURB →

Signature of Claimant or person filing
on claimant's behalf giving relationship
to claimant:

Print Name: *Wayne Spindler*          Date: *8/16/16*

*37*



OFFICE OF THE CITY ATTORNEY
MIKE FEUER
CITY ATTORNEY
200 North Main Street, 6th Floor
Los Angeles, CA 90012

38

# BAIL RECEIPT & NOTICE TO APPEAR

| | | COURT JURISDICTION | CHECK ONE: | | DATE & TIME RECEIVED |
|---|---|---|---|---|---|
| | | ☑ LOCAL ☐ FOREIGN | ☑ BOND ☐ WRIT ☐ CASH | | 05/13/16    7:46 PM |

| BOOKING NUMBER | ARRESTEES'S NAME (Last, First, Middle) | Loc. Confined | Loc. Bail Post. | TOTAL CASH REC. |
|---|---|---|---|---|
| 4663072 | SPINDLER, WAYNE | 4273 | 4273 | BOND |

| WARRANT NUMBER &/OR CHARGE | BAIL | P.A. | Total |
|---|---|---|---|
| 422(A)PC- CRIMINAL THREATS | $75,000.00 | NONE | $75,000.00 |
| | | | |
| | | | |
| | | | |

| DEPOSITOR / BONDING AGENCY / ATTORNEY (if writ) | OFFICER RECEIVEING (Signature & Serial) |
|---|---|
| VIP BAIL BONDS #1843193 | SDO FUENTES #N3217 |
| ADDRESS | BOND OR WRIT NO. |
| 6318 VESPER AVE. | 510557930-6 |
| VAN NUYS, CA 91411     818.901.1999 | SUPERVISOR APPROVING (Verify above total) |

| ARREST MADE: | ARRESTING OFFICER (Agency, Division / Station, Unit, Name & Serial No.) |
|---|---|
| ☑ L.A. CITY ☐ L.A. COUNTY ☐ OTHER (Specify) | LAPD 4201/CENTRAL, U, NAVA #31586 |

DEPOSITOR'S WAIVER: I AGREE THAT ANY OR ALL OF THE $ _____ BAIL DEPOSITED HERE IN BY ME MAY BE USED IN THE PAYMENT OF ANY FINE IMPOSED ON THE DEFENDANT AND THE BALANCE, IF ANY, RETURNED TO ME.

DATE _____     SIGNATURE _____

NOTICE TO ARRESTEE:
YOU ARE DIRECTED TO APPEAR AS INDICATED
FAILURE TO APPEAR MAY RESULT IN FORFEITURE OF BAIL
AND ISSUENCE OF A WARRANT FOR YOUR ARREST.

NOTIFICACION AL ARRESTADO:
SE LE EXIGE QUE COMPAREZCA SEGUN INDICADO
AL NO COMPARECER PUEDE PERDER SU FIANZA Y UNA ORDEN
DE ARRESTO SERA HECHA EN CONTRA DE USTED.

COURT & LOCATION - COURTE LACLIDAD
CCB - Clara Foltz Criminal Justice     Dept 30
210 West Temple Street,
Los Angeles, CA 90012
DATE & TIME OF APPEARANCE - LA FECHA Y EL TIEMPO
June 10, 2016     08:30AM

LAPD 06.15.0 (12-76)

exhibit B

39

PRISONER'S RECEIPT

| BOOKING NO. | | | DR. LIC. NO. | STATE | MI |
|---|---|---|---|---|---|
| 4663072 | 4273 | C643. _/2 | CA | N | |

| ARRESTEE'S LAST NAME | FIRST | MIDDLE | SUF. |
|---|---|---|---|
| SPINDLER | WAYNE | | |

213-612-0338

213-600-2877

| | | PROB. INV. UNIT | JUV. DETAINED AT | AD. CHG. |
|---|---|---|---|---|
| | | 33 | | N |

| DIVISION | DETAIL | ARRESTING | DATE ARRESTED | TIME ARR. | TIME BKD. |
|---|---|---|---|---|---|
| 4201 | U | | 051316 | 1030 | 1154 |

| LOCATION OF ARREST | BAIL |
|---|---|
| 200 N SPRING ST | 75000 |
| | TOTAL BAIL 75000 |

| TYP. CHARGE & CODE | DEFINITION | WARRANT NO. |
|---|---|---|
| F 422(A)PC | CRIMINAL THREATS | |

ADDITIONAL CHARGES (ON ADDL. WARRS. LIST NO., COURT, AND BAIL, INCL. P.A.)

| ARRAIGN. DATE | TIME | COURT |
|---|---|---|
| | | |

EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE
PED

| HAS HEPATITIS | HAS V.D. | HAS OR EVER HAD T.B. | OTHER | SPECIAL MEDICAL PROBLEMS |
|---|---|---|---|---|
| N | N | N | N | NONE CLMD |

| ARRESTING OFFICER | SERIAL NO. | SERIAL # OF CHECKING CWWS | BOOKING EMPLOYEE | SERIAL NO. | PROP. BAG # | RETAINED | CASH | DEPOSITED |
|---|---|---|---|---|---|---|---|---|
| NAVA | 31586 | 31586 | TORRES | N4593 | 03565428 | $ NONE | $ NONE | |

| SEARCHING OFFICER | SERIAL NO. | | TRANSPORTING OFFICER | SERIAL NO. | EC/IR READING | SUPV. APPROVING BKG SER # 34052 |
|---|---|---|---|---|---|---|
| REZA | 34816 | 30918 | NAVA | 31586 | | SGT CARSON |

PROPERTY        *per Eric Readle*

CELL PH X3 AND BTRY X3, HUAWEI CELL PH B/O SCREEN,LACES,MULTPL KEYS,
MISC CRDS AND PPRS,EXCESS PROPERTY RECPT.**********************

THIS IS YOUR PROPERTY RECEIPT AND IDENTIFICATION. KEEP IT WITH YOU AT ALL TIMES.

1. **BAIL:**
   A. On A MISDEMEANOR CHARGE OR A BAILABLE FELONY CHARGE, you may be released on bail.
   B. On a WARRANT ISSUED IN ANOTHER COUNTY, you have the right, upon demand, to be taken before a magistrate in this county for the purpose of being admitted to bail. If you wish to go to court for this purpose, or do not know if you are arrested on an out-of-county warrant, contact your jailer.
2. **RELEASE FROM CUSTODY:** You will only be released from custody (bail, bond, own recognizance, etc.) after positive identification has been established. Positive identification has to be based on fingerprints. Refusal to submit to fingerprints will delay a person's release from custody.
3. **COURT APPEARANCE:** You may ask the jailer when you are scheduled for court appearance.
4. **TELEPHONE CALLS:** Within 3 hours from the time of your arrest, you may make the following phone calls:
   A. At City expense within the local dialing area, or at your own expense to other locations, to THREE of the following:
      (1) An attorney of your choice, the Public Defender, or any attorney assigned by the court.
      (2) A bail bondsman.
      (3) A relative or other person.
   B. For information regarding additional telephone calls, you may ask the jailer.
5. **ATTORNEYS AND BAIL BONDSMEN:** You may be visited by an attorney or bondsman upon your request or the request of a relative or friend. Beware of any person interested in procuring a lawyer or bondsman for you.
6. **VISITORS:** Inmates are permitted a maximum of one visitor each day. **Exception:** One minor child may accompany each responsible adult visitor. Visitation rules do not apply to visits by attorneys, bail bondsman, personal physicians, or members of the clergy, who may visit at any time. Hours may vary and are subject to cancellation.
7. **FOREIGN NATIONALS:** You may contact your Consular Office at any time. If you need assistance in contacting your Consular Office, notify the jailer. Visits from the Consular Office are permitted at any time.
8. **YOUR PROPERTY:** Your property will be returned to you immediately upon your release from LAPD custody.
9. **ILLNESS:** If you need medical attention, or are aware of another prisoner in need of it, notify the jailer at once.
10. **READING AND RECREATION:** A general circulation daily newspaper and a non-English language publication are available during the hours set by the jail supervisor. Hours may vary and are subject to cancellation.
11. **VOTING:** Notify the jailer if any request to vote in a local, state, or federal election.
12. **RELIGIOUS OBSERVANCE:** Notify the jailer of any request for religious material. Visits from members of the clergy or other bona fide religious advisors are permitted at any time.
13. **INMATE GRIEVANCE PROCEDURE:** Any complaint or grievance must be reported to a jail supervisor without delay.
14. **MAIL:** Mail to and from an inmate may be opened and inspected for contraband.
15. **INMATES WITH DISABILITIES:** Should you require any special assistance, notify the jailer.
16. **JAIL RULES:** Any obstruction, willful resistance, destruction of jail property, or other unlawful conduct towards custody staff may result in additional criminal charges being filed against you. Prosecution will be pursued regardless of the disposition of your original charges.

40

# LOS ANGELES COUNTY DISTRICT ATTORNEY
## CHARGE EVALUATION WORKSHEET

Page 1 of 2

| X FELONY<br><br>☐ MISDEMEANOR | AGENCY NAME<br>LAPD | DA CASE NO. 36102087 | | DATE 12/21/2016 |
|---|---|---|---|---|
| | AGENCY FILE NO. (DR OR URN)<br>160910721 | DA OFFICE CODE<br>STAT | | VICTIM ASSISTANCE REFERRAL<br>☐ YES – NOTIFY VWAP  ☒ NO |

| SUSP<br>NO. | SUSPECT | | | CHARGES | | | |
|---|---|---|---|---|---|---|---|
| | | | | CODE | SECTION | OFFENSE DATE | REASON CODE |
| 1 | NAME (LAST, FIRST MIDDLE)<br>SPINDLER, WAYNE | | | PC | 422(A) | 05/11/2016 | B |
| | DOB<br>03/30/1970 | SEX (M/F)<br>M | BOOKING NO.<br>4663072 | VIP – Yes  X No | | | |
| | Gang Member    Name of Gang | | | Victim Gang Member   Name of Gang: | | | |
| | Victim Name: Herman Wesson | | | Victim DOB: | | | |
| 2 | NAME (LAST, FIRST MIDDLE) | | | | | | |
| | DOB | SEX (M/F) | BOOKING NO. | VIP – Yes – No | | | |
| | Gang Member   Name of Gang | | | Victim Gang Member   Name of Gang: | | | |
| | Victim Name: | | | Victim DOB: | | | |
| 3 | NAME (LAST, FIRST MIDDLE) | | | | | | |
| | DOB | SEX (M/F) | BOOKING NO. | VIP – Yes – No | | | |
| | Gang Member   Name of Gang | | | Victim Gang Member   Name of Gang: | | | |
| | Victim Name: | | | Victim DOB: | | | |

**Comments**

Wayne Spindler, a regular and often highly offensive critic of Los Angeles city government, submitted a speaker card to City Council President Herman ("Herb") J. Wesson Jr., a prominent African American elected official, during a public City Council committee meeting on May 11, 2016 that contained highly offensive profanity, a racial slur and hate symbols drawn in blue highlighter.  Specifically, it depicted a burning cross, hooded Ku Klux Klan figure carrying a noose and sign reading "Herb = Nigger", and a figure hanging from a tree.  On the back of the card Spindler wrote "FUCK-U Herb" in large blue letters.  The council meeting at which Spindler submitted the speaker card was audio recorded.

There is no doubt that the speaker card contained hateful and extremely outrageous words and imagery that we reject as being deeply offensive, morally wrong, and socially reprehensible.  Nevertheless, the unusual facts presented by this case raise significant First Amendment concerns that defy easy resolution.  After much legal analysis and careful consideration, the known evidence appears insufficient to prove beyond a reasonable doubt that Spindler crossed the sometimes nebulous line between constitutionally protected speech and punishable "true threat."  On balance, the content of the writing itself and the context in which it was created and delivered, and other surrounding circumstances, fail to convincingly establish that the speaker card constituted a provable criminal threat.

Thus, after thorough consideration of all of the known evidence, the First Amendment concerns raised, controlling California threat law, the relevant sections of our Legal Policies Manual, and the most plausible, reasonably foreseeable defense arguments, we conclude there is insufficient evidence to prove beyond a reasonable doubt that Spindler violated any of the threat statutes most likely to apply.  The Los Angeles County District Attorney's Office therefore declines to file criminal charges based on Spindler's submission of the May 11 speaker card.

| COMPLAINT DEPUTY (print)<br>SAMUEL HULEFELD | COMPLAINT DEPUTY (SIGNATURE)<br>*Sam P Hulefeld* | STATE BAR NO.<br>218392 | REVIEWING DEPUTY (SIGNATURE)<br>Deanne Castorena, approved by<br>Darren Levine, Head Deputy |
|---|---|---|---|

Rev. 697-9/10/10 DA Case 36102087                      *Exhibit C*                      CHARGE EVALUATION WORKSHEET

41

LAST NAME: SPINDLER

FIRST NAME: WAYNE

DA CASE NUMBER: 36102087

# LOS ANGELES COUNTY DISTRICT ATTORNEY

## CHARGE EVALUATION WORKSHEET

Page 2 of 2

I have conveyed all relevant information to the above-named Deputy District Attorney to be used in consideration of a filing decision.

FILING OFFICER (PRINT):  NELLY NAVA MERCADO          FILING OFFICER (SIGNATURE):          SERIAL #:   31586

| DEPARTMENT OF JUSTICE REASON CODES (FORM 8715) | | |
|---|---|---|
| A. Lack of Corpus <br> B. Lack of Sufficient Evidence <br> C. Inadmissible Search/Seizure | D. Victim Unavailable/Declines To Testify <br> E. Witness Unavailable/Declines to Testify <br> F. Combined with Other Counts/Cases <br> G. Interest of Justice | H. Other (indicate the reason in Comments section) <br> I. Referred to Non-California Jurisdiction <br> J. Deferred for Revocation of Parole <br> K. Further Investigation | L. Prosecutor Prefiling Deferral <br><br> **DISTRICT ATTORNEY'S REASON CODES** <br> M. Probation Violation filed in lieu of <br> N. Referred to City Attorney for Misdemeanor Consideration |

CHARGE EVALUATION WORKSHEET

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

# PROOF OF APPEARANCE

I certify that the person named below appeared in the court as indicated.

| | |
|---|---|
| NAME OF PERSON WHO APPEARED IN COURT (PRINT) | CASE/CITATION NUMBER |
| SPROUSE, WAYNE | 466302 |
| | ☒ NO FILING TO DATE |

**APPEARED AS:** (Capacity)
- ☒ Defendant:
- ☐ Witness:
- ☐ Other:

**PLACE OF APPEARANCE:**
- ☒ COURTROOM: DEPT. ___ 30
- ☐ CLERK'S OFFICE

**DATE:** 06/10/16

**TIME:** 1329   ☐ A.M. ☒ P.M.

**COMMENTS:**

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

By _____, Deputy

RETAIN THIS FOR YOUR RECORDS

CRIM 050 (Rev. 09/13)
(Replaces CRIM M-130 & LAW M-19)

43



NO CHARGES FILED
LOS ANGELES SUPERIOR COURT
DIVISION 30

44

# IN THE SUPERIOR COURT OF LOS ANGELES JUDICIAL DISTRICT
## COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

## CERTIFICATE OF DISCHARGE/EXONERATION OF BOND

Bond Number:   510557930-6                          Amount of Bond   $75,000.00

Defendant   SPINDLER, WAYNE                          Date Posted   05/17/2016

Case Number   4663072                                Charge(s):   422(A) PC

This is to certify that I have examined the records of the Court and found that the liability of

Banker's Insurance Co.

Insurance Company for the bond shown with corresponding power number   510557930-6
Was terminated on   06/27/2016

SHERRI R. CARTER,
Executive Officer/Clerk

6/29/2016

Date                                                Deputy

(SEAL)

*Bond #A72295352*
*$5,000*

*exonerated 12/21/15*

*Pond# 510557306*
*$75,000*

*exonerated*
*6/27/16*

LASC - CRIMINAL JUSTICE CTR.
210 W. TEMPLE ST.
LOS ANGELES CA 90012

DATE PAID: 06/29/16  04:15 PM
RECEIPT #: LAB533218041

CIT/CASE: 4663072
LEA/DEF#: 01

| | | |
|---|---|---|
| PAYMENT: | $25.00 | 210 |
| RECEIVED: | | |
| CHECK: | | $0.00 |
| CASH: | | $25.00 |
| CHANGE: | | $0.00 |
| CARD: | | $0.00 |

**WV-130**   **Workplace Violence Restraining Order After Hearing**

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Los Angeles

**JUN 1 0 2016**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Shirron Charles

(1) **Petitioner (Employer)** *AMENDED 6/7/16*

a. Name: Office of the City Attorney

Lawyer for Petitioner *(if any, for this case)*:
Name: Hugo S. Rossitter     State Bar No.: 079335

Firm Name: Office of the City Attorney

b. Your Address *(If you have a lawyer, give your lawyer's information)*:
Address: 200 N. Main Street
City: Los Angeles     State: CA    Zip: 90012
Telephone: 213-978-7153     Fax: 213-978-8315
E-Mail Address: hugo.rossitter@lacity.org

*Fill in court name and street address:*
Superior Court of California, County of
Los Angeles
111 N. Hill Street
Los Angeles, CA  90012

(2) **Employee (Protected Person)**
Full Name: Herman J. Wesson

*Court fills in case number when form is filed.*
Case Number:
BS162097

(3) **Respondent (Restrained Person)**
Full Name: Wayne Spindler
Description:

| | |
|---|---|
| Sex: [x] M [ ] F  Height: 5'11"   Weight: _____   Date of Birth: 3/30/1970 | |
| Hair Color: Brown      Eye Color: Hazel      Age: 46      Race: White | |
| Home Address *(if known)*: 19352 Van owen St | |
| City: Reseda      State: CA      Zip: 91335 | |
| Relationship to Employee:      None | |

(4) ☐ **Additional Protected Persons**
In addition to the employee, the following family or household members or other students are protected by the temporary orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Employee |
|---|---|---|---|---|
| _____ | ___ | ___ | [ ] Yes [ ] No | _____ |
| _____ | ___ | ___ | [ ] Yes [ ] No | _____ |
| _____ | ___ | ___ | [ ] Yes [ ] No | _____ |

☐ Additional protected persons are listed at the end of this Order on Attachment 4.

(5) **Expiration Date**
*This Order, except for any award of lawyer's fees, expires at:*

Date: 6-10-19     Time: 0:00     [✓] a.m.  [ ] p.m.

If no expiration date is written here, this Order expires three years from the date of issuance.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2015, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.9
Approved by DOJ

**Workplace Violence Restraining Order After Hearing (CLETS-WHO)**
**(Workplace Violence Prevention)**

Legal Solutions Plus

EXhiBiT   1

46

Case Number:
BS162097

(6) **Hearing**

a. There was a hearing on *(date):* 6/10/16 _____ at *(time):* 8:30 _____ in Dept.: 2C ___ Room: 243 _____
(*Name of judicial officer*): _____ Cʜɪᴄᴏ̨ᴊ Bᴏᴀꜱ Gᴏᴏᴅꜱᴏɴ _____ made the orders at the hearing.

b. These people were at the hearing:
  (1) ☐ The petitioner/employer representative *(name):* _____
  (2) ☑ The lawyer for the petitioner/employer *(name):* Hugo Rossitter _____
  (3) ☑ The employee  (4) ☑ The lawyer for the employee *(name):* Hugo Rossitter _____
  (5) ☑ The respondent  (6) ☐ The lawyer for the respondent *(name):* _____
  ☐ Additional persons present are listed at the end of this Order on Attachment 5.

c. ☐ The hearing is continued. The parties must return to court on *(date):* _____ at *(time):* _____ .

**To the Respondent:**

The court has granted the orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

(7) **Personal Conduct Orders**

a. You are ordered **not** do the following things to the employee
  ☐ and to the other protected persons listed in (4):

  (1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

  (2) ☒ Commit acts of violence or make threats of violence against the person.

  (3) ☒ Follow or stalk the person during work hours or while going to or from the place of work.

  (4) ☐ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

  (5) ☐ Enter the person's workplace.

  (6) ☐ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

  (7) ☒ Other *(specify):*
    ☐ Other personal conduct orders are attached at the end of this Order on Attachment 7a(7).
  ↳ May engage in public comment and attend City public meetings. _____
_____
_____
_____
_____
_____

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised January 1, 2015       **Workplace Violence Restraining Order**     WV-130, Page 2 of 6
**After Hearing (CLETS-WHO)**     →
(Workplace Violence Prevention)

47



Case Number:
BS162097

## ⑧ Stay-Away Order

a. You **must** stay at least <u>100</u> yards away from *(Check all that apply)*:

(1) [x] The employee

(2) [ ] Each other protected person listed in ④

(3) [x] The employee's workplace

(4) [x] The employee's home

(5) [ ] The employee's school

(6) [ ] The employee's children's school

(7) [ ] The employee's children's place of child care

(8) [x] The employee's vehicle

(9) [x] Other *(specify):* <u>10 yards away during</u> <u>all City meetings,100 yards from</u> <u>1819 S. Western Ave and 2 yards</u> <u>from City Hall room 430.</u>

b. This stay-away order does not prevent you from going to or from your home or place of employment.

## ⑨ No Guns or Other Firearms and Ammunition

a. **You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.**

b. If you have not already done so, you must:

(1) Sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns have been turned in, sold, or stored. *(You may use Form WV-800, Proof of Firearms Turned In, Sold, or Stored for the receipt.)*

c. [ ] The court has received information that you own or possess a firearm.

## ⑩ [ ] Costs

You must pay the following amounts for costs to the petitioner:

| Item | Amount | Item | Amount |
|------|--------|------|--------|
| | $ 0.00 | | $ 0.00 |
| | $ 0.00 | | $ 0.00 |
| | $ 0.00 | | $ 0.00 |

[ ] Additional amounts are attached at the end of this Order on Attachment 10.

## ⑪ [ ] Other Orders *(specify):*

_____

_____

_____

_____

_____

_____

_____

[ ] Additional orders are attached at the end of this Order on Attachment 11.

**This is a Court Order.**

Case Number:
BS162097

**To the Person in ➊**

(12) **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. [☐] The clerk will enter this Order and its proof-of-service form into CARPOS.

b. [☐] The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

c. [☒] By the close of business on the date that this Order is made, the petitioner or the petitioner's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address *(City, State, Zip)* |
|---|---|
| Los Angeles Police Department | 100 W. First Street |
| Threat Managment Unit | Los Angeles, CA  90012 |

[☐] Additional law enforcement agencies are listed at the end of this Order on Attachment 12.

(13) **Service of Order on Respondent**

a. [☑] The respondent personally attended the hearing. No other proof of service is needed.

b. [☐] The respondent did not attend the hearing.

(1) [☐] Proof of service of Form WV-110, *Temporary Restraining Order,* was presented to the court. The judge's orders in this form are the same as in Form WV-110 except for the expiration date. The respondent must be served with this Order. Service may be by mail.

(2) [☐] The judge's orders in this form are different from the temporary restraining orders in Form WV-110. Someone—but not the petitioner or anyone protected by this order—must personally serve a copy of this Order on the respondent.

(14) **No Fee to Serve (Notify) Restrained Person**

The sheriff or marshal will serve this Order without charge because the Order is based on unlawful violence, a credible threat of violence, or stalking.

(15) Number of pages attached to this Order, if any: _____

Date: 6 - 10 - 16

▶ *Carol Goodson*
Judicial Officer    Carol Boas Goodson

**This is a Court Order.**

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)**
(Workplace Violence Prevention)

WV-130, Page 4 of 6

49

Case Number:
BS162097

## Warning and Notice to the Respondent:

### You Cannot Have Guns or Firearms

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item ⑨ . The court will require you to prove that you did so.

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This Order is enforceable by any law enforcement agency that has received the Order, is shown a copy of the Order, or has verified its existence on the California Restraining and Protective Order System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the Order and then must enforce it. Violations of this Order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4 and *ends* on the expiration date in item ⑤ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of this order and has disobeyed it, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the orders. Consider the restrained person served (given notice) if (Pen. Code, § 836(c)(2)):

- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified and the restrained person was not present at the court hearing, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this Order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

**Workplace Violence Restraining Order
After Hearing (CLETS-WHO)**
(Workplace Violence Prevention)

50

| Case Number: |
| --- |
| BS162097 |

## Conflicting Orders—Priorities for Enforcement

**If more than one restraining order has been issued, the orders must be enforced according to the following priorities:** (See Pen. Code, § 136.2, Fam. Code, §§ 6383(h)(2), 6405(b).)

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.
2. *No Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence over any other restraining or protective order.
3. *Criminal Order:* If none of the orders includes a no contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

*Clerk's Certificate*
*[seal]*

*(Clerk will fill out this part.)*
**—Clerk's Certificate—**

I certify that this *Workplace Violence Restraining Order After Hearing* is a true and correct copy of the original on file in the court.

Date: _JUNE.10 2016_____ Clerk, by _____ , Deputy

**This is a Court Order.**

51

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 2C                     HON. CAROL BOAS GOODSON, JUDGE

OFFICE OF THE CITY ATTORNEY,            )
                                        )
                    PETITIONER,         )
                                        )  NO. BS162097
          VS.                           )
                                        )
WAYNE SPINDLER,                         )
                                        )
                    RESPONDENT.         )
_____)  C U . Y


REPORTER'S TRANSCRIPT OF PROCEEDINGS

FRIDAY, JUNE 10, 2016


APPEARANCES:

FOR PETITIONER:      DEPUTY CITY ATTORNEY
                     LABOR RELATIONS DIVISION
                     BY: HUGO S. ROSSITTER
                     200 NORTH MAIN STREET
                     ROOM 800
                     LOS ANGELES, CALIFORNIA 90012



FOR RESPONDENT:      IN PROPRIA PERSONA




                     VERONICA PORRAS, CSR NO. 12703
                     OFFICIAL COURT REPORTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 2C                    HON. CAROL BOAS GOODSON, JUDGE

OFFICE OF THE CITY ATTORNEY,            )
                                        )
                          PETITIONER,   )
                                        )  NO. BS162097
            VS.                         )
                                        )
WAYNE SPINDLER,                         )
                                        )
                          RESPONDENT.   )
_____)    CITY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

FRIDAY, JUNE 10, 2016

APPEARANCES:

FOR PETITIONER:        DEPUTY CITY ATTORNEY
                       LABOR RELATIONS DIVISION
                       BY: HUGO S. ROSSITTER
                       200 NORTH MAIN STREET
                       ROOM 800
                       LOS ANGELES, CALIFORNIA 90012


FOR RESPONDENT:        IN PROPRIA PERSONA




                       VERONICA PORRAS, CSR NO. 12703
                       OFFICIAL COURT REPORTER

J-3

# MASTER INDEX

## VOLUME 1 OF 1

## Friday, June 10, 2016

## CRONOLOGICAL/ALPHABETICAL INDEX OF WITNESSES

| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| RESPONDENT, (WAYNE SPINDLER) | 1-J | | 3-J | |
| WESTON, HERB | 2-J | | | |

————————————————

Legend:

J = The Hon. Carol Boas Goodson, Judge

## EXHIBITS/DOCUMENTS

| Type of Document/Exhibit | Page | ADMITTED? |
|---|---|---|
| PETITION | 1 | Y |
| RESPONSE TO PETITION AND EXHIBITS THERETO | 1 | Y |
| "SPEAKER CARD" | 1,4 | Y |

```
 1   CASE NUMBER:              BS162097

 2   CASE NAME:               CITY VS. SPINDLER

 3   LOS ANGELES, CALIFORNIA  FRIDAY, JUNE 10, 2016

 4   DEPARTMENT 2C            HON. CAROL BOAS GOODSON,

 5                            JUDGE

 6   REPORTER:               VERONICA PORRAS, CSR 12703

 7   TIME:                   A.M. SESSION

 8

 9   APPEARANCES:            (SEE TITLE PAGE)

10

11       THE COURT:  NUMBER SIX, OFFICE OF THE CITY

12   ATTORNEY VERSUS WAYNE SPINDLER.

13           I HAVE READ THE RESPONSE AND I HAVE READ THE

14   PETITION.  I HAVE TAKEN A LOOK AT THE ATTACHEMENTS WHICH

15   WERE A PERSON HANGING FROM A TREE, A NOOSE AROUND THEIR

16   NECK AND SOMEONE THAT LOOKS LIKE A CHARACTER OF A KU

17   KLUX KLAN.

18           NOW, SIR -- I'M SPEAKING WITH SPINDLER RIGHT

19   NOW.  YOU DO HAVE FREEDOM OF SPEECH AND AS YOU'VE HEARD

20   ME TELL MANY PEOPLE HERE, I HAVE GREAT BELIEF IN THAT

21   AND I HONOR IT TO THE UTMOST.  HOWEVER, IT CAN BE VIEWED

22   AS WELL.  NOW MY UNDERSTANDING IS THAT YOU WERE AT A

23   MEETING WHERE THE DISCUSSION OF THE MEETING WAS THE DWP.

24       THE RESPONDENT:  CORRECT.

25       THE COURT:  AND THEN THERE WAS AN OPPORTUNITY FOR

26   PEOPLE TO PASS CARDS, SPEAK TO THE SPEAKERS FOR

27   DISCUSSION POINTS.

28       THE RESPONDENT:  YES.
```

```
 1        THE COURT:  AND THE ALLEGATION IS THAT YOU PASSED
 2   A CARD; IS THAT TRUE?
 3        THE RESPONDENT:  TO SPEAK, YES.
 4        THE COURT:  AND ON THE FRONT OF THE CARD IN BLUE
 5   INK WERE DEPICTIONS OF A TREE WITH A HUMAN BEING HANGING
 6   FROM THE NOOSE AND A CHARACTER WHO WAS CLEARLY DEPICTING
 7   A KU KLUX KLAN MEMBER HOLDING A NOOSE IN ONE HAND AND A
 8   SIGN IN THE OTHER SAYING "HERB, NIGER" AND A BURNING
 9   CROSS.
10        WHAT IS YOUR NAME, SIR?
11     MR. WESTON:  MY NAME IS HERB WESTON, YOUR HONOR.
12     THE COURT:  THANK YOU.
13        ARE THERE ANY OTHER HERBS ON THE COUNCIL?
14     MR. WESTON:  NO, I'M THE ONLY HERB.
15     THE COURT:  AND ON THE BACK OF THE CARD IN LARGE
16   BLACK LETTERS WAS "FUCK YOU, HERB."  HOW DID YOU FEEL
17   WHEN YOU RECEIVED THAT, SIR?
18     MR. WESTON:  WELL, I WAS STUNNED AND FRIGHTENED
19   BECAUSE IT WAS JUST SUCH A SHOCKING -- I'VE NEVER SEEN
20   ANYTHING LIKE THAT SO I WAS STUNNED AND FRIGHTENED AND
21   OF COURSE UPSET BY IT.
22     THE COURT:  AND WAS THERE A DISRUPTION AFTER THAT?
23     MR. WESTON:  WHAT I WANTED TO DO BECAUSE I, AGAIN,
24   WAS SO SHOCKED.  I VERBALLY DESCRIBED TO THE CITY
25   ATTORNEY'S OFFICE WHAT I HAD IN MY HAND BECAUSE I FELT I
26   NEEDED TO MAKE A RECORD OF IT AND I GOT A RESPONSE FROM
27   THIS INDIVIDUAL.  HE WAS ASKED TO BE QUIET, HE DID NOT
28   AND HE WAS REMOVED FROM THE MEETING.
```

56

1       THE COURT:  ALL RIGHT.  WHAT DID THAT HAVE TO DO

2  WITH THE DWP, SIR?

3       THE RESPONDENT:  IT'S THE -- SYMBOLICALLY

4  REPRESENTS THE CITY COMING AFTER US ON INCREASES IN

5  FEES.

6       THE COURT:  WHAT DOES THE KU KLUX KLAN AND A

7  PERSON HANGING FROM THE NOOSE AND SAYING "FUCK YOU,

8  HERB" HAVE TO DO WITH IT?

9       THE RESPONDENT:  THE FIGURE IN THE HOOD IS THE

10  CITY AND RAISING OUR RATES.

11       THE COURT:  IT DOESN'T SAY THE CITY.  IN FACT --

12       THE RESPONDENT:  IT DOES.

13       THE COURT:  IT SAYS "HERB EQUALS NIGER."

14       THE RESPONDENT:  AS A PERSON WHO IS LIKE A PET,

15  LIKE IN RAP MUSIC.  IN RAP TERMS.  GANGSTER RAP.

16       THE COURT:  HERB?

17       THE RESPONDENT:  HERB.

18       THE COURT:  HERB IS HIS NAME.  WHAT KIND OF SONG

19  IS HERB A RAP SONG?

20       THE RESPONDENT:  GANGSTER RAP.  N-E-S, N-W-A,

21  THINGS OF THAT NATURE.

22       THE COURT:  WELL, I'VE NEVER HEARD OF THEM.

23       THE RESPONDENT:  IT'S RAP MUSIC.

24       THE COURT:  ALL RIGHT.  NOW, YOU UNDERSTAND THAT

25  YOU FRIGHTENED THIS COUNCILMAN?

26       THE RESPONDENT:  WELL, HE GAVE CONFLICTING REPORTS

27  IN THE MEDIA THAT HE WAS UNBELIEVABLY ANGRY WHEN HE

28  RECEIVED THE STATEMENT.

```
 1          THE COURT:  WELL, I HAVE TO TELL YOU THAT THAT'S
 2   NOT AN UNCOMMON RESPONSE TO BE VERY ANGRY AND BE
 3   FRIGHTENED.  PEOPLE DO NOT -- YOU HAVE FREEDOM OF SPEECH
 4   AND YOU HAVE FREEDOM TO GO TO THE COUNCIL MEETINGS, BUT
 5   YOU HAVE TO BEHAVE IN A MANNER THAT DOES NOT CROSS THE
 6   LINE INTO THREATS.  JUST AS YOU KNOW THE OLD SAYING OF
 7   BEING -- "YOU CAN'T CRY FIRE WHEN YOU'RE IN A THEATRE."
 8   HERE YOU CAN'T WHEN YOU'RE IN A PUBLIC MEETING WITH A
 9   COUNCIL BOARD.  YOU CAN'T -- AND YOU'RE ASKED FOR
10   QUESTIONS, YOU CAN'T SEND UP A PICTURE OF A NOOSE AND A
11   PERSON ABOUT TO BE HUNG FROM IT AND A KU KLUX KLAN AND
12   SAYING "FUCK YOU, HERB."
13          NOW, ANYTHING ELSE THAT YOU'D LIKE TO SAY?
14          THE RESPONDENT:  JUST THAT A LOT OF SPEAKERS PUT
15   THINGS ON CARDS AND IT WAS AGAIN SYMBOLICALLY
16   REPRESENTING MY OPPOSITION TO ALL OF THESE MATTERS WHICH
17   ARE GOING BEFORE THE VOTERS TO COST HUNDREDS OF MILLIONS
18   OF DOLLARS.  AND I JUST UNDERSTAND THAT IT'S VERY
19   CHALLENGED IN THE COURTS, BUT THEY'RE GOING TO GO TO THE
20   BALLOTS IN NOVEMBER.
21          THE COURT:  EXCELLENT.  THAT'S THE WAY TO SETTLE
22   IT.  NOW, THIS IS WHAT I'M GOING TO DO.  I'M GOING TO
23   ORDER YOU TO STAY 100 YARDS AWAY FROM THE COUNCILMAN.
24   THIS WILL EXPIRE JUNE 10TH, '19 AT MIDNIGHT.
25          MR. ROSSITTER:  IF I CAN JUST SAY SOMETHING, YOUR
26   HONOR.
27          THE COURT:  YES.
28          MR. ROSSITTER:  I DON'T WANT TO DISTRACT YOU.
```

58

1   CLEARLY, WE FULLY UNDERSTAND AND I WANT TO BE VERY CLEAR

2   THAT THE TEMPORARY RESTRAINING ORDER THAT WE GAINED AND

3   THE PERMANENT RESTRAINING ORDER LANGUAGE WHICH I

4   SUBMITTED TO THE CLERK THIS MORNING IN NO WAY AT ALL

5   RESTRICTS MR. SPINDLER'S RIGHT TO COME AND SPEAK AND

6   CONDUCT HIS POLITICAL THOUGHTS.  THE ONLY DIFFERENCE,

7   AND GOD KNOWS WE HAVE A VARIETY OF COMMENTS IN THE CITY

8   COUNCIL FOR THREE TIMES A WEEK PLUS ALL OF THE

9   COMMITTEES, SOME OF WHICH ARE JUST APPALLINGLY AND OFTEN

10  OBSCENE, BUT IT'S PROTECTED SPEECH.  BUT THIS, THIS

11  CARD, THIS SPEAKER CARD IN AND OF ITSELF WAS A UNIQUE

12  PIECE OF FOCUS HATE SPEECH.

13       THE COURT:  IT WAS CLEARLY A HATE MESSAGE.

14       MR. ROSSITTER:  YES.  I JUST WANTED TO MENTION IT.

15       THE COURT:  SO I AM GOING TO ALLOW YOU TO THE

16  COUNCIL MEETINGS, BUT WHEN YOU GO TO THOSE COUNCIL

17  MEETINGS YOU'RE TO STAY TEN YARDS AWAY FROM THE MEETINGS

18  AND 100 YARDS AWAY FROM 1819 SOUTH VERMONT.  TWO YARDS

19  AWAY FROM CITY HALL ROOM 430.

20        SO YOU CAN -- YOU STILL DO HAVE A VOICE, IN

21  OTHER WORDS.  I'M NOT GAGGING YOU AND I'M NOT SAYING YOU

22  CANNOT EXPRESS YOUR OPINIONS OR ANYTHING LIKE THAT AND I

23  JUST NEED YOU TO REALLY STAY AWAY FROM MR. WESTON --

24  COUNCILMAN WESTON.  AND IF YOU STAY IN COURT, YOU'LL GET

25  A COPY OF THIS.

26        GOOD LUCK TO ALL.  THANK YOU.

27      THE PETITIONER:  THANK YOU, YOUR HONOR.

28      MR. ROSSITTER:  THANK YOU, YOUR HONOR.

59

6

1        MR. WESTON:   THANK YOU, YOUR HONOR.

2

3          (PROCEEDINGS CONCLUDED AT 9:46 A.M.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

60

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2         FOR THE COUNTY OF LOS ANGELES

3
DEPARTMENT 2C              HON. CAROL BOAS GOODSON, JUDGE
4

5    OFFICE OF THE CITY ATTORNEY,        )
                                         )
6                        PETITIONER,     )   NO. BS162097
                                         )
7              VS.                       )   REPORTER'S
                                         )   CERTIFICATE
8    WAYNE SPINDLER,                     )
                                         )
9                        RESPONDENT.     )
     _____)
10

11

12

13        I, VERONICA PORRAS, OFFICIAL COURT REPORTER OF THE

14   SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

15   COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

16   CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

17   THAT THE FOREGOING PAGES _1_ THROUGH _6_, INCLUSIVE,

18   COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

19   PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

20   ABOVE-ENTITLED CAUSE ON FRIDAY, JUNE 10, 2016.

21

22        DATED THIS _17TH_ DAY OF _JUNE_, 2016.

23

24

25

26   _____
     VERONICA PORRAS, CSR NO. 12703
27   OFFICIAL COURT REPORTER

28

61

APP-002

LASC - FINANCE
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 07/25/16   04:09 PM
RECEIPT #: FIN454043011

CIT/CASE:  BS162097
LEA/DEF#:

PAYMENT:    $100.00          310
RECEIVED:
    CHECK:            $100.00
    CASH:               $0.00
    CHANGE:             $0.00
    CARD:               $0.00

*bar number, and address)*

-6501
FAX NO. *(Optional)* (213) 381- 5542

*er*

*of LOS ANGELES*
*Street*
*Street*
*90012*

*Stanley Mosk*
*e of the City Attorney*
*ne Spindler*

FOR COURT USE ONLY

ORIGINAL FILED

JUL 2 5 2016

CIVIL APPEALS
ROOM 111

~~NOTICE OF APPEAL~~   ☐ CROSS-APPEAL
(UNLIMITED CIVIL CASE)

CASE NUMBER:
BS162097

Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal.

1.  NOTICE IS HEREBY GIVEN that *(name):* Wayne Spindler, Respondent
    appeals from the following judgment or order in this case, which was entered on *(date):* June 10, 2016
    ☐  Judgment after jury trial
    ☐  Judgment after court trial
    ☐  Default judgment
    ☐  Judgment after an order granting a summary judgment motion
    ☐  Judgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430
    ☐  Judgment of dismissal after an order sustaining a demurrer
    ☐  An order after judgment under Code of Civil Procedure section 904.1(a)(2)
    ☒  An order or judgment under Code of Civil Procedure section 904.1(a)(3)–(13)
    ☐  Other *(describe and specify code section that authorizes this appeal):*

FEE RECEIVED
CHECK# 1075477S

2.  For cross-appeals only:
    a.  Date notice of appeal was filed in original appeal:
    b.  Date superior court clerk mailed notice of original appeal:
    c.  Court of Appeal case number *(if known):*

Date:  July 25, 2016

_____
Wayne Spindler
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY)

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev July 1, 2010]

NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)
(Appellate)

Page 1 of 2

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

62



**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

Los Angeles County Registrar-Recorder/County Clerk

## Request Voter Registration Cancellation

In order to process your request for Cancellation of Voter Registration, please provide the information below.

Name: _Wayne_    _SPINDLER_    _F_
       First        Last         MI

Registered
Resident Address: _43164 Lake Hughes Road_
_Lake Hughes, CA. 93532_

Date of Birth: _03-30-1978_

Reason: _HerB Wesson JR./L.A. City won't let ME vote,_
Non-Citizen, Out of County, etc.   _as Participation in Politics_
_Is not possible._

Telephone Number: _(661) 341-7710_

Signature: _____

Date: _05/24/2016_

**Print and send to our office at the following address:**

REGISTRAR-RECORDER/COUNTY CLERK
P.O. BOX 30450
LOS ANGELES, CA 90030-0450

**Via Fax: (562) 864-2394**

Office Use: VID:_____   Date:_____   Intl:_____

_exhibit E_          _5/24/16_          _63_



**DETECTIVE**

*From the Desk of:*

**DETECTIVE III TRACEY ANGELES**
*West Valley Community Police Station*
*Robbery and Gun Coordinator*
*Los Angeles Police Department*

July 19, 2016

Mr. Splinder,

On May 20, 2016 your surrendered your firearms for safekeeping due to a restraining order being issued against you.  You can have the firearms transferred to a family member or a federally licensed gun dealer (FFL).  You have 180 days from the date of this letter to do so or the firearms will be destroyed per Penal Code Section 34000. I have attached the forms necessary to transfer ownership to a family member and for that person to get the firearms out of police custody.  An FFL does not require the same paperwork. If you have any questions please feel free to contact me; my information is listed below.  If you need additional forms you can log on to the Department of Justice, Bureau of Firearms website and click on forms and publications.



Detective Tracey Angeles
West Valley Robbery and Gun Coordinator
19020 Vanowen Street
Reseda, CA 91335
818-374-7746
27797@lapd.lacity.org
(Fax) 818-374-7735

6 4



⊕ **Web »** Got an opinion? Write a letter to the editor: dailynews.com

# Los Angeles Daily News



**ASIA TRIP**
**Obama lifts arms embargo on Vietnam**
Nation+World » A8



**BONSIGNORE**
**Time for the NFL to repay L.A. with a Super Bowl**
Sports



**CALIFORNIA**
**Gov. Brown endorses Harris in Senate race**
Nation+World » A4

Tuesday, May 24, 2016    $1.00    FACEBOOK.COM/LADAILYNEWS   TWITTER.COM/LADAILYNEWS

*"I've never thought of any other outcome other than Bernie. I'm just as hopeful as I was when I first k[...]"*
— Gabby Scott, 27 of Los Angeles

# Sanders' SoCal swing

### Senator rallies supporters in Lincoln Park and Santa Monica

**INSIDE**
Hillary Clinton leads Bernie Sanders in California, poll finds. PAGE A7

Hillary Clinton has opened a campaign office in Woodland Hills. PAGE A7

**By David Montero**
david.montero@langnews.com
@DaveMontero on Twitter

Bernie Sanders swooped onto a crowd-filled baseball field in Lincoln Park on Los Angeles' Eastside on Monday morning and shuttled over to Santa Monica hours later, where he made his usual pitches for free college tuition and assailed joblessness and corporate greed.

"A great nation is not judged by the number of billionaires it has or the number of nuclear weapons it has," Sanders said. "It is judged by how it treats the weakest and most vulnerable among us."

The Vermont senator has been hopscotching across Southern California ahead of the June 7 primary, adding rallies the way a musician might keep adding concert dates — National City, Vista and Irvine.

**BERNIE » PAGE 7**



WATCH[...]
Democratic presidential candi[...] speaks at a campaign rally in L[...] Eastside on Monday before a s[...]

**LOS ANGELES**



GA[...]
**S[...] is ig[...] o[...]**
He[...] pr[...]

By B[...]

# Leaders call for



# Leaders call for hate-speech probe

**By Xavier Higgs** » Correspondent

**City Hall:**
Longtime
critic's attacks
on council
members
spurs demand
for action

Los Angeles City Council members joined community leaders Monday to speak out against hate-filled attacks directed at council members during City Hall meetings.

Led by Los Angeles Sentinel Executive Publisher Danny Bakewell, the group called on the District Attorney's Office to pursue charges against longtime City Hall critic Wayne Spindler for "hate crimes and terrorist threats," and they urged the California State Bar Association to revoke Spindler's license to practice law.

"Mr. Spindler's actions should be considered a hate crime," Bakewell said during a press conference at the South Los Angeles office of the Los Angeles Sentinel, a local newspaper that covers the African-American community.

Spindler, an Encino-based immigration attorney, was arrested after allegedly submitting a public comment card that included racist im-

**ATTACKS** » PAGE 9

Los Angeles City
Council President
Herb Wesson, above,
speaks at a press
conference Monday
outside the office
of the Los Angeles
Sentinel to call
attention to attacks by
attorney and City Hall
critic Wayne Spindler
at council meetings.
DAVID CRANE
STAFF PHOTOGRAPHER

INDEX    Bridge........... A14 | Classifieds.....A12 | Comics ......A11,14 | Lottery..........A2 | Opinion .....A6 | Puzzles A10,12,14 | TV listings......A9

Hosted By L.A. Radio DJ Legend "THE HULLABALOOER"


*Legends of* **Doo Wop** *Vol II*

**Highlander Auditorium**
**Upland, CA**
**Saturday, July 16, 2016**
**at 7:00pm**
FOR GENERAL TICKET INFORMATION
CALL: 951-317-2155


**SHIRLEY ALSTON REEVES**
Original lead singer of
THE SHIRELLES
"Will You Love Me Tomorrow"
"Soldier Boy"
"Dedicated To The One I Love"
"Mama Said"


**MAURICE WILLIAMS**
and
THE ZODIACS
"Stay" - "Little Darlin"


**JT CARTER**
"Originator" of
THE CRESTS
"16 Candles"
"Step By Step"
"The Angels Listen In"


**EUGENE P**
Original lead sing
THE JIVE FI
"My True Stor
"I'm A Happy
"What Time Is

ORDER TICKETS ON-LINE: WWW.AFFORDABLEMUSICPRODUCTIONS.COM OR BY PHONE: 1-888-718-4253 6AM TO 6PM

66

| Odd Squad | News Ready Jet Go! | Kratts | Kratts | Wild Kratts | Wild Kratts McLaughlin Group | ... | ... | Dead Kathleen ... searches for Cleopatra's lost tomb. | Genealogy Roadshow (N) | Secret Dead Scientists explore tombs beneath an ancient city. (N) | ... | Frontline (N) | Point Taken (N) | Ravb Smiley (N) |

those staying in other housing have until Friday, Bellomo said.

While the homes do not have to be cleaned by those dates, residents do need to get on the list by those dates, Bellomo said.

SoCalGas is contacting residents who had pre-scheduled appointments for interior home cleaning and giving them the options of proceeding or rescheduling, said SoCalGas spokesman Chris Gilbride.

"For those residents who chose to proceed as scheduled, we are doing so in compliance with the court's order and using the appropriate protocol for the work," Gilbride said via email.

However, Bellomo said adjustments must be made in the implementation of their protocol first.

"We're going to require they submit a very detailed work plan that will be reviewed and ultimately approved by the Health Department before we will allow them to resume work," he said.

Several county environmental health specialists monitored the cleaning of four Porter Ranch homes on Sunday and determined that cleaning in at least three of the homes "clearly did not meet" the required protocols, Bellomo said.

Earlier this month, county health officials released results of indoor testing, which showed that some contaminants consistent with the nearby Aliso Canyon gas leak were present in surface dust in several homes. While the levels were low and there was no immediate concern of long-term health effects, public health officials said short-term symptoms such as headaches and other problems were still being reported.

Los Angeles County Supervisor Michael D. Antonovich, whose 5th District includes Porter Ranch, blasted the Gas Co. for cutting corners "in their hasty effort to save money."



## Attacks

**FROM PAGE 1**

ages at a May 11 council committee hearing. The card contained images of a burning cross, a person hanging from a tree and a Ku Klux Klan-type figure holding a noose in one hand and a sign in the other that read "Herb = ni----."

The comments were directed at Herb Wesson, the council's first African-American president.

"When this first occurred to me, I was unbelievably angry," Wesson told reporters Monday, adding "This incident is so much bigger than me."

Last week Wesson obtained a restraining order against Spindler. Monday, as he stood alongside Bakewell, council members Nury Martinez and Curren Price, and Rabbi Steven B. Jacobs, rabbi emeritus of Temple Kol Tikvah, Wesson said it is everyone's responsibility to make sure "we don't regress" when it comes to race.

Black community members hold hateful photos and signs they say were directed against Los Angeles City Council President Herb Wesson by City Hall critic Wayne Spindler.

Spindler, 46, has declined repeated requests to speak on the record about the incident. However, he has said in previous interviews that his comments and dr... were misinterpreted.

At the press conference Monday several... held up the controversial images. ... Spindler of a ... meaning waving a ... hand with a swa... on it.

"This is a... wake-up call to... hatreds in each of... communities," Ja... said. "As much a... that's going on in... community, there... haters. When ha... reaches this dept... anger, it threatens... community."

**Daily News** A MediaNews Group NEWSPAPER

21860 Burbank Blvd., Suite 200, Woodland Hills, CA 91367
Mailing address: P.O. Box 4200, Woodland Hills, CA 91365
Copyright 2015, Daily News of Los Angeles | Online: dailynews.com
All content printed herein, and in our digital editions, is copyrighted.

**Missed delivery:**
Monday through Saturday and holidays, 7 a.m. – 10 a.m.
Sunday, 8 a.m. – 11 a.m.
**Customer Service hours:**
Monday through Friday, 7 a.m. to 4 p.m.

**Circulation Customer Service** ● 818-713-3131

| | | | |
|---|---|---|---|
| Main office | 818-713-3000 | Opinion Page | 818-713-3616 |
| Classified Ads | 818-713-3232 | Features | 310-543-6630 |
| Display Ads | 818-713-3232 | Photo | 818-713-3775 |
| Back Issues | 626-544-0773 | Sports | 818-713-3648 |
| Newsroom | 818-713-3636 | Business News | 818-713-3729 |

More contacts available online at dailynews.com/Contact-Us

Ron Hasse
President/Publisher
818-713-3883 ● ron.hasse@langnews.com

Tom Kelly
Chief Financial Officer
818-713-3110
tom.kelly@langnews.com

Ryan Carter
City Editor
818-713-3729
ryan.carter@langnews.com

Melissa Alfonso

**DID THE IRS TAKE MONEY FROM YOUR ACCOUNT?**

$299

DENIED

**YOU NEED TO CALL US RIGHT NOW!**

THE **TAX DEFENSE** GROUP

THE ONLY TAX RELIEF COMPANY AVAILABLE
24 HOURS A DAY

5625
Santa Monica Public Library
P.o. Box 1610
Santa Monica, CA   90406-1610

2/10/2016

3

For Use in the
PERIODICALS AREA ONLY

# LOS ANGELES SENTINEL



Autum Burke (See pag

THURSDAY, JUNE 23, 20

VOL. LXXXI  NO.25 $1.00 +CA. Sales Tax

*"For Over Eighty Years The Voice of Our Community Speaking for Itself"*





"Off the field and on set with actor
Tyler Lepley"( See page D-2)

## Attorney who threatened Council President Wesson turns over Assault Rifle and other Guns

*Judge rules that threats made by Spindler were not free speech but hate speech*



Wayne Spindler



# Los Angeles Times

B

# ALIFORNIA

RIDAY, DECEMBER 23, 2016 :: LATIMES.COM/CALIFORNIA

## WEATHER WATCH



RICK LOOMIS Los Angeles Times

Thursday just in time for a sunset in Long Beach. Another even larger
along with cold temperatures that would push down the snow level.

## hing that could

## something

o storms might usher in a winter of

# Air traffic controller reassigned amid probe

Worker who directed
Taiwan-bound flight
toward Mt. Wilson is
on other tasks as FAA
investigates the error.

BY DAN WEIKEL

An air traffic controller in
San Diego who mistakenly
routed a wide-body jet with
353 people aboard toward
Mt. Wilson has been re-
moved from her current as-
signment amid an investiga-
tion into the incident, The
Times has learned.

The wrong turn, which
has sparked concern in avia-
tion circles, occurred in
some of the busiest and
most difficult to monitor
airspace in the nation.

On a typical day, more
than 11,000 aircraft take to
the skies in Southern Cali-
fornia, most of them over the
L.A. Basin. Los Angeles
International Airport alone
handles 1,700 to 1,800 depar-
tures and arrivals daily.

In the last 30 years, the
National Transportation
Safety Board has blamed

ized the EVA flight was turn-
ing in the wrong direction,
Federal Aviation Adminis-
tration officials said, she
took immediate action to
keep the aircraft safely sepa-
rated from an Air Canada jet
that had departed LAX from
the north runway complex.

Those planes remained
the required distance from
each another, which is 3
miles laterally and 1,000 feet
vertically.

FAA officials said the
controller then turned her
attention to getting the EVA
pilot to turn south and re-
peatedly ordered him to do
so until he complied.

[See **FAA probe,** B8]



69

ould

r

a winter of
lifornia

By Joseph Serna
and Veronica Rocha

There's something un-
usual in the mix in Southern
California this weekend,
along with the usual rain-
caused traffic gridlock and
airport delays, according to
one climatologist — a sense
of optimism.

The storm that moved
through the region Wednes-
day and Thursday provided
a good 24 hours of mostly
steady rain, dropping more
than an inch in some parts of
Southern California.

The rain contributed to
nightmare conditions at Los
Angeles International Air-
port, where bad weather,
crowded airspace, security
scares and construction
caused some flights to be de-
layed or rerouted. The storm
also caused the usual share
of traffic congestion and ac-
cidents.

[See Weather, B6]

has sparked concern in avia-
tion ... busiest and
most diffi... to monitor
airspace in the nation.

On a typical day, more
than 11,000 aircraft take to
the skies in Southern Cali-
fornia, most of them over
the L.A. Basin. Los Angeles
International Airport alone
handles 1,700 to 1,800 depar-
tures and arrivals daily.

In the last 30 years, the
National Transportation
Safety Board has blamed
two major crashes in the re-
gion on air traffic control
problems — the mid-air col-
lision of a private plane and
an Aeromexico jet over Cer-
ritos in 1986 and another col-
lision involving a SkyWest
commuter plane and a US-
Air jetliner at LAX.

The controller has been
given other duties and is no
longer working air traffic af-
ter an EVA Air Boeing 777
that departed from Los An-
geles International Airport
last Friday morning was or-
dered to turn left to the
north, sending the aircraft
over the San Gabriel Moun-
tains at low altitude.

The standard procedure
for eastern departures from
LAX is to make a right turn
to the south shortly after
takeoff and then head out
over the ocean.

The EVA Air incident be-
gan about 1:30 a.m., when
the controller ordered Flight
15 to turn left shortly after
the pilot shifted air traffic
control responsibilities from
the LAX tower to approach
control in San Diego, a com-
mon practice.

When the controller real-



IRFAN KHAN Los Angeles Times

**COUNCILMAN Herb**
Wesson was labeled with
a racial slur on a public
speaker card May 11.

# Council critic won't be charged

**Man's drawing at May
public meeting was
'deeply offensive' but
not a clear criminal
threat, D.A. decides.**

By Matt Hamilton
and Dakota Smith

Prosecutors have de-
clined to file charges against
a vocal critic of the Los An-
geles City Council who sub-
mitted a card during a public
meeting with racially incen-
diary drawings, including a
burning cross.

The Los Angeles County
district attorney's office said
the card submitted by En-
cino attorney Wayne
Spindler, which labeled City
Council President Herb
Wesson with a racial slur,
was "deeply offensive, mor-
ally wrong and socially rep-
rehensible," according to a
memo released Thursday.

But citing 1st Amend-
ment concerns and the "un-
usual facts" of the case, Dist.
Atty. Jackie Lacey's office ul-
timately opted against pros-
ecuting Spindler for making
a criminal threat against
Wesson.

"After much legal analy-
sis and careful consider-
ation, the known evidence
appears insufficient to prove
beyond a reasonable doubt
that Spindler crossed the
sometimes nebulous line be-
tween constitutionally pro-
tected speech and punish-
able 'true threat,'" accord-
ing to the memo.

The card submitted by
Spindler on May 11 showed
the burning cross and a man
hanging from a tree — im-
ages typically associated

[See Critic, B7]

---

week trash fire



L.A. city attorney's office

ring trash heap at a Boyle Heights recycler in
s to fully extinguish, leading to a city lawsuit.

---

**dent faces
rder charge**

ox man held in
ng of nursing
er. B3

**Advocate for
LGBT rights**

Susan Wolfe-Devol, a
pastor who pushed for
inclusion, has died. B7

70