MICHAEL FEUER, City Attorney (SBN: 111529)
THOMAS H. PETERS, Chief Assistant City Attorney (SBN: 163388)
GABRIEL S. DERMER, Assistant City Attorney (SBN: 229424)
**DORA A. GONZALEZ,** Deputy City Attorney (SBN: 210947)
200 N. Main Street, City Hall East, Room 675
Los Angeles, CA 90012
Telephone (213) 978-7561, Facsimile (213) 978-7011
dora.gonzalez@lacity.org

Attorneys for Defendants
CITY OF LOS ANGELES, HERMAN J. WESSON JR.,
HUGO S. ROSSITTER; ERIC READE; NELLY NAVA-MERCADO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SPINDLER,<br><br>Plaintiff,<br>In Propria Persona<br><br>vs.<br><br>CITY OF LOS ANGELES; HERMAN J. WESSON JR.; HUGO S. ROSSITTER; ERIC READE; NELLY NAVA-MERCADO; and Does 1-10,<br><br>Defendants. | Case No.: 2:17-cv-00250-JLS-E<br><br>Complaint Filed: January 11, 2017<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Hon. Josephine L. Staton]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (f)**<br><br>Date: August 4, 2017<br>Time: 9:30 a.m.<br>Ctrm: 750, 255 E. Temple St., LA<br>Hon. Charles F. Eick<br><br>[Filed concurrently with the Memorandum of Points and Authorities in Support Thereof; Request for Judicial Notice; [Proposed] Order] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2017 at 9:30 a.m. in Courtroom 750, 7th Floor, of the United States District Court for the Central District of California, Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA, 90012, before the Honorable Charles F. Eick, Defendants City of Los Angeles (the "City"), Herman J. Wesson, Hugo S. Rossitter, Eric Reade and Nelly Nava-Mercado (Collectively "Defendants") will and hereby do move for the following Orders:

## I. MOTION TO DISMISS

Defendants move for an order dismissing the Complaint of Plaintiff in Propria Persona, Wayne Spindler ("Plaintiff") pursuant to FED. R. CIV. PRO. 12(b)(6) for failure to state a claim upon which relief can be granted on the following grounds:

1. Plaintiff fails to properly allege a *First Amendment* Claim either from his arrest or Workplace Violence Restraining Order (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) because there is no *First Amendment* deprivation. Plaintiff's racially motivated threat of violence against Defendant Wesson was not protected speech and the Defendants' response to Plaintiff's conduct was at all times reasonable and lawful.

2. Plaintiff fails to properly allege a *Fourth Amendment* unconstitutional arrest Claim (First Claim for Relief) because there is no *Fourth Amendment* deprivation when there is probable cause for the arrest and no physical injury was sustained for an excessive force claim.

3. Plaintiff fails to properly allege a *Fifth Amendment* Claim either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) because there is no *Fifth Amendment,* due process deprivation.

4. Plaintiff fails to properly allege an Eighth *Amendment* cruel and unusual punishment Claim from his arrest (First Claim for Relief) because there is no conviction, thus no punishment or *Eighth Amendment* deprivation.

5. Plaintiff fails to properly allege a *Fourteenth Amendment* Claim either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) because there is no *Fourteenth Amendment* deprivation.

6. Plaintiff fails to properly allege a Claim for Violation of *Article 1, Section 2 of the California Constitution* (Free Speech Clause) from either his arrest or Restraining Order (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief), because there is no *First Amendment* deprivation and no money damages are available for violation of the Free Speech Clause.

7. Plaintiff fails to properly allege a *42.U.S.C. Section 1983* or *Monell* Claim from either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) because there is no constitutional deprivation, which is a threshold showing for a *Section 1983* or *Monell* claim and there is no official policy of discrimination by the City.

8. The Collateral Attack Doctrine prohibits this Court's review of the Workplace Restraining Order issued by a California Superior Court Judge.

9. Plaintiff fails to properly allege a Claim for Fabrication (Third Claim for Relief).

10. Plaintiff fails to properly allege a Claim under the Bane Act (Cal. Code Civ. Pro. § 52.1) (Fourth Claim for Relief).

11. Plaintiff fails to properly allege a Claim for Malicious Prosecution (Fifth Claim for Relief).

12. Plaintiff fails to properly allege a Claim for False Imprisonment (Sixth Claim for Relief).

13. Plaintiff fails to properly allege a Claim for Attempted Extortion (Sixth Claim for Relief).

14. Plaintiff fails to properly allege a Claim for Malicious Interference with Business Relations (Sixth Claim for Relief).

15. Plaintiff fails to properly allege a Claim for Harassment (Sixth Claim for Relief).

16. Plaintiff fails to properly allege a Claim for Retaliation (Sixth Claim for Relief).

17. Plaintiff fails to properly allege a Claim for Theft (Sixth Claim for Relief).

18. Plaintiff fails to properly allege a Claim for Anti-Slapp (Sixth Claim for Relief).

19. Plaintiff is not entitled to punitive damages from any Defendant.

20. The Complaint as a whole alleges all claims for relief against all Defendants. Plaintiff, an attorney, is aware his Complaint is meritless without factual or legal basis as his own conduct was the unprotected speech that triggered his arrest and restraining order. Plaintiff uses this litigation to harass Defendant Wesson, who he is ordered to stay away from. The Second Claim for Relief re: the Rules of Decorum is drawn substantially from another person's complaint. Such a pleading is a sham, vague and ambiguous particularly as to Defendants, Herman J. Wesson, Hugo S. Rossiter, Eric Reade and Nelly Nava-Mercado.

## II. MOTION TO STRIKE

Defendants also move to strike the following portions of Plaintiff's Complaint pursuant to FED. R. CIV. PRO. 12(f) as redundant, immaterial, impertinent or scandalous:

1. Complaint, p. 5, ll. 16-18, as immaterial and scandalous.
2. Complaint, p. 17, ll. 18-28, including pp. 81-82 of Exhibit I, as immaterial and scandalous.

3. Complaint, p. 18, ll. 2-20, including pp. 76-79 of Exhibit H, as immaterial and scandalous.

4. Complaint, p. 19, ll. 11-28 and p. 20, l.1, as impertinent and scandalous.

5. Complaint, p. 20, l. 21-28 and p. 21, l.1, as immaterial, impertinent, and scandalous.

6. Complaint, p. 21, l.11, as impertinent and scandalous.

7. Complaint, p. 22, ll. 25-27; p. 23, ll.1-10, as immaterial, impertinent, redundant and scandalous.

8. Complaint, p. 24, ll. 20-24; p. 25, ll.1-2, as redundant and immaterial.

9. Complaint, p. 27, ll. 20-21 and p. 28, l.7, as immaterial.

10. Complaint, p. 27, ll. 23-25, as immaterial.

Each motion is based on this notice of motion and motion, memorandum of points and authorities filed concurrently herewith, the file and all pleadings in this matter, any oral argument, any matters upon which judicial notice may be taken, and any and all other matters this Court deems just and necessary.

These motions are made following the conference of defense counsel with plaintiff in propria persona pursuant to CENTRAL DISTRICT LOCAL RULE 7-3, which took place on June 15, 2017.

Dated:  June 22, 2017,     Respectfully submitted,

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Deputy City Attorney
GABRIEL S. DERMER, Assistant City Attorney


By:      */s/ Dora A. Gonzalez*
DORA A. GONZALEZ, Deputy City Attorney
Attorneys for Defendants, City of Los Angeles, Herman J. Wesson, Hugo Rossitter, Eric Reade, and Nelly Nava-Mercado

5

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**