1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SPINDLER,<br><br>          Plaintiff,<br>          In Propria Persona<br><br>    vs.<br><br>CITY OF LOS ANGELES; HERMAN J. WESSON JR.; HUGO S. ROSSITTER; ERIC READE; NELLY NAVA-MERCADO; and Does 1-10,<br><br>          Defendants. | Case No.:  2:17-cv-00250-JLS-E<br><br>Complaint Filed: January 11, 2017<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Hon. Josephine L. Staton]<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**<br><br>Date: August 4, 2017<br>Time: 9:30 a.m.<br>Ctrm: 750, 255 E. Temple St., LA.<br>Hon. Charles F. Eick<br><br>[Filed concurrently with Notice of Motion and Motion to Dismiss and Motion to Strike; the Memorandum of Points and Authorities in Support Thereof; Request for Judicial Notice] |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

**[PROPOSED] ORDER**

The Motion to Dismiss pursuant to FED. R. CIV. PRO. 12(b)(6) and the Motion to Strike pursuant to FED. R. CIV. PRO. 12(f) by Defendants City of Los Angeles (the "City"), Herman J. Wesson, Jr., Hugo S. Rossitter, Eric Reade and Nelly Nava-Mercado (Collectively "Defendants") requesting the Court dismiss the Complaint of Plaintiff in Propria Persona, Wayne Spindler ("Plaintiff") came on for hearing on August 4, 2017 at 9:30 a.m. before the Honorable Charles F. Eick. Plaintiff Wayne Spindler appeared in Propria Persona and Dora A. Gonzalez, Deputy City Attorney appeared on behalf of Defendants. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. PRO. 12(b)(6) is **GRANTED**.

Plaintiff's Complaint is dismissed for the following reasons:

1.  Plaintiff's *First Amendment* Claim fails, either from his arrest or Workplace Violence Restraining Order (First Claim for Relief) or from the Defendants' use of Rules of Decorum ("Rules") (Second Claim for Relief). Plaintiff was arrested for violation of law with probable cause after Plaintiff made an unprotected true threat of violence, not to chill his speech. The Restraining Order is not subject to review in this Court under the collateral attack doctrine. The Rules, properly subject to Judicial Notice, reflect facially constitutional, content-neutral, time, place and manner restrictions during public meetings.

2.  Plaintiff's *Fourth Amendment* unconstitutional arrest claim fails (First Claim for Relief) as there was probable cause for his arrest. His Excessive force claim (First Claim for Relief) fails as there was no physical injury.

3.  Plaintiff's *Fifth Amendment* Claim fails either from his arrest and (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) as there was no due process violation arising from Plaintiff's

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

pre-trial detention or from use of the Rules, which give notice of procedure to attendees of public meetings.

4.      Plaintiff's *Eighth Amendment* cruel and unusual punishment Claim from his arrest (First Claim for Relief) fails as Plaintiff was not convicted and sentenced to any cruel and unusual punishment.

5.      Plaintiff's *Fourteenth Amendment* Claim fails either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) as the *Fourth and Fifth Amendment* claims fail.

6.      Plaintiff's Claim for Violation of *Article 1, Section 2 of the California Constitution* (Free Speech Clause) either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) fails, as this claim is coexistent with the failed *First Amendment* claim. Further, no money damages are available to Plaintiff for violation of the Free Speech Clause as a matter of law.

7.      Plaintiff's *42.U.S.C. Section 1983* and *Monell* Claim from either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) fail as there is no constitutional deprivation or any official custom and policy of discrimination.

8.      Plaintiff's Claim for Fabrication fails. (Third Claim for Relief).

9.      Plaintiff's Claim under the Bane Act (Cal. Code Civ. Pro. § 52.1) fails. (Fourth Claim for Relief).

10.      Plaintiff's Claim for Malicious Prosecution fails. (Fifth Claim for Relief).

11.      Plaintiff's Claim for False Imprisonment fails. (Sixth Claim for Relief).

12.      Plaintiff's Claim for Attempted Extortion fails.(Sixth Claim for Relief).

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

13.    Plaintiff's Claim for Malicious Interference with Business Relations fails. (Sixth Claim for Relief).

14.    Plaintiff's Claim for Harassment fails. (Sixth Claim for Relief).

15.    Plaintiff's Claim for Retaliation fails. (Sixth Claim for Relief).

16.    Plaintiff's Claim for Theft fails. (Sixth Claim for Relief).

17.    Plaintiff's Claim for Anti-Slapp fails. (Sixth Claim for Relief).

18.    Plaintiff is not entitled to punitive damages from any Defendant as a matter of law.

19.    The Complaint as a whole alleges *all claims for relief against all Defendants*, is drawn substantially from another person's complaint with respect to the Rules of Decorum constitutional challenge; such a pleading is a sham, vague and ambiguous particularly as to Defendants, Herman J. Wesson, Hugo S. Rossitter, Eric Reade and Nelly Nava-Mercado who are dismissed.

Further, and in the alternative, IT IS HEREBY ORDERED that Defendants Motion to Strike pursuant to FED. R. CIV. PRO. 12(f) is GRANTED and the Court strikes the following language from the Complaint on the following grounds:

1.    Complaint, p. 5, ll. 16-18, as immaterial and scandalous.

2.    Complaint, p. 17, ll. 18-28, including pp. 81-82 of Exhibit I, as immaterial and scandalous.

3.    Complaint, p. 18, ll. 2-20, including pp. 76-79 of Exhibit H, as immaterial and scandalous.

4.    Complaint, p. 19, ll. 11-28 and p. 20, l.1, as impertinent and scandalous.

5.    Complaint, p. 20, l. 21-28 and p. 21, l.1, as immaterial, impertinent, and scandalous.

6.    Complaint, p. 21, l.11, as impertinent and scandalous.

7.    Complaint, p. 22, ll. 25-27; p. 23, ll.1-10, as immaterial, impertinent, redundant and scandalous.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**

8.      Complaint, p. 24, ll. 20-24; p. 25, ll.1-2, as redundant and immaterial.

9.      Complaint, p. 27, ll. 20-21, and p.28, l.7, as immaterial.

9.      Complaint, p. 27, ll. 23-25, as immaterial.

**IT IS SO ORDERED.**

DATED: _____          _____

Honorable Charles F. Eick
United States District Judge

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)**