FILED

Wayne Spindler
P.O. Box 16501
Encino, CA. 91416-6501
(213) 381-1403—phone
(213) 381-5542-fax

2017 JUL 21  PM 1:09

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY _____

*In propia persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wayne Spindler,** | **Case No.: 2:17-cv-00250-JLS-E** |
| **Plaintiff,** | Complaint Filed: January 11. 2017 |
| | **DEMAND FOR JURY TRIAL** |
| vs. | {Honorable Josephine L. Staton} |
| City of Los Angeles; Herman J. Wesson Jr.; Hugo S. Rossitter; Eric Reade; Nelly Nava-Mercado;l and Does 1 to 10, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §12(b)(6) AND THEIR MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §12(f)** |
| **Defendants.** | Due Date: July 24, 2017 |
| | Hon. Charles F. Eick |
| | [filed concurrently with Request for Judicial Notice;(proposed) Order; Plaintiff's Declaration; and Statement of Genuine Disputes.] |

- 1 -

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES............................1

INTRODUCTION AND ALLEGED FACTS. LEGAL STANDARD............1

I. ARGUMENT...........................................................................7

A. STANDARD ON MOTION TO DISMISS...................................7

B. STANDARD ON MOTION FOR SUMMARY JUDGEMENT...........9

C. P.C. §422 as applied is unconstitutional................................12

D. Civil Code of Procedure §527.8 as applied is unconstitutional.........14

E. The Rules of the Los Angeles City Council are as applied illegal.........15

F. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331......17

G. SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367(a)........20

H. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED

IMMUNITY...........................................................................20

III.  PUNITIVE DAMAGES.....................................................22

IV.  MOTION TO STRIKE........................................................23

V. CONCLUSION.......................................................................25

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

# TABLE OF AUTHORITES

**Cases**                                                              **Page[s]**

*Adams v. Spears*
  473 F.3d 989, 993 (9th Cir. 2007)……………………………………….22

*Ali v. City of Los Angeles*
  (1999) 77 Cal.App.4th ……………………………………………….11

*Anderson v. Creighton*
  483 U.S. 635,637 (1987)…………………………………………....21

*Anela v. Wildwood*
  790 F.2d 1063, 1067 (3rd Cir.)*cert. denied* 479 U.S. 949………………….10

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)…………………………………………………7

*Ashton v. Cory*
  780 F.2d 816 (9th Cir. 1986)………………………………………..9

*Baca v. Moreno Valley Unified School District*
  936 F. Supp 719 (1996)……………………………………………15

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007)………………………………………………..7

*Bogan v. Scott-Harris*
  523 U.S. 44,55 (1998)……………………………………………..21

*Brandenburg v. Ohio*
  395 U.S. 444 (1969)……………………………………………….13

*Cafasso v. Gen. Dynamics C4 Sys.*
  637 F.3d. 1047 (9th Cir. 2011)……………………………………...6

- ii -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

*Cahill v. Liberty Mutual Insurance*
   80 F.3d 336 (9th Cir. 1996)..........................................7

*Castro v. County of Los Angeles*
   797 F.3d 654, 670 (9th Cir. 2015)...............................23

*Chew v. Gates*
   27 F.3d 1432 (7th Cir. 1994).....................................22

*City of Los Angeles v. Michael Hunt*
   Case # 16-2858 (July 8, 2016 TRO denied)(L.A. sup. Ct.).....................14

*City of Stockton v. Superior Court*
   (2007) 42 Cal.4th 730............................................19

*Cohen v. California*
   403 U.S. 15 (1971).............................................13

*Doe v. United States*
   58 F.3d 494, 497 (9th Cir. 1995)................................7

*Dowd v. City of Los Angeles*
   2013 U.S. Dist. LEXIS 111435 *49; 2013 WL 4039043
   Case No . #CV 09-06731 (August 7, 2013).................8,9,10,14

*Gilligan v. Jamco Dev. Corp.*
   108 F.3d 246 (9th Cir. 1997)....................................7

*Grossman v. City of Portland*
   33 F.3d 1200, 1209 (9th Cir. 1994)..............................21

*Harris v. Alcoholic Beverage Control Appeals Board*
   (1964) 228 Cal.App. 2d 1.......................................11

- iii -

*Herrera v. Metropolitan Police Department*
    298 F.Supp 2d 1043 (D. Nev. 2004)...........................................22

*Hoye v. City of Oakland*
    653 F.3d 835, 854 (9th Cir. 2011)...............................................8

*Leventhal v. Vista Unified School District*
    973 F.Supp 951 (1997)...........................................................15

*Michael Hunt v. City Of Los Angeles*
    2012 U.S. Dist. LEXIS 191441 (December 6, 2012)............. .........9,10

*Monell v. Dep't of Social Services of City of New York*
    436 U.S. 658 (1978)...............................................…..7,8,20
...

*Neighborhood Action Group v. County of Calaveras*
    (1984) 156 Cal.App. 3d 1179.....................................................11

*Norse v. City of Santa Cruz*
    629 F.3d 966 (9th Cir. 2010).....................................................21

*People v. Spindler*
    Case # 7 VW 01632 (Van Nuys West, July 7, 2017)...........................1

*Santos v. Gates*
    287 F.3d 846, 855-856 (9th Cir. 2002)...........................................22

*Thompson v. City of Los Angeles*
    885 F.2d. 1439 (9th Cir. 1989)....................................................8

*United States v. Smith*
    802 F.2d 1119 (9th Cir. 1986)....................................................13

*Watts v. U.S.*

- iv -

394 U.S. 705 (1969)(*per curiam*)...................................................13

**STATUTES**

28 U.S.C. §1331...................................................................17

28 U.S.C. §1367(a).............................................................20

42 U.S.C. §1983..........................................................8,17,20

CA. Civil Code §52.1(Bane Act)....................................20,22

CA. Civil Code §3294..........................................................22

CA. Civil Code of Procedure §527.8...........................14,15

CA. Gov't Code §815.2.......................................................20

CA. Gov't Code §820...........................................................20

CA. Gov't Code §825...........................................................20

CA. Gov't Code §54953.3....................................................11

 CA. Gov't Code §54954.3(a)...............................................11

CA. Gov't Code §54954.3(c)................................................16

CA. Penal Code §403.............................................................9

CA. Penal Code §422(a)..........................................1,4,6,10,12

CA. Rules of Professional Responsibility Rule 5-100.............1

CA. Rules of Professional Responsibility Rule 5-200.............3

- v -

CA. Rules of Professional Responsibility Rule 5-300...............................3

CA. Torts Claim Act...............................................................................20

California Constitution, Article I, §2.................................................1,13

Federal Rules of Civil Procedure 12(b)(6)......................................5,7

Federal Rules of Civil Procedure 12(f)..........................................5,23

Federal Rules of Civil Procedure 56(e).........................................5,6

Federal Rules of Civil Procedure 78.................................................6

Federal Rule of Evidence 301...........................................................10

Local Rule 7-15....................................................................................6

Ralph M. Brown Act......................................................................2,9,11

# UNITED STATES CONSTITUTION

1rst Amendment.........................................................................13,15,17

2nd Amendment.............................................................................6,17

4th Amendment.................................................................................17

5th Amendment.................................................................................17

14th Amendment...............................................................................17

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

# LOS ANGELES MUNICIPAL LAWS AND CODES

## Rules of The Los Angeles City Council

Rule *7.................................................................................11

Rule 12..............................................................................15

Rule 12(b)..........................................................................15

Rule *76.............................................................................19

Rule 80..............................................................................17

Rule *89..........................................................................18,19

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'

MOTION TO DISMISS AND MOTION TO STRIKE.

# MEMORANDUM OF POINTS AND AUTHORITIES.

## I.      INTRODUCTION AND ALLEGED FACTS.

1.Plaintiff Wayne Spindler has been the victim of systemic deprivations of his rights to free speech, freedom from retaliation, harassment, and discrimination by the Defendants. The Defendants have acted to cut off Plaintiff from speaking at public forums in the City of Los Angeles, and has been physically assaulted, battered, arrested, falsely imprisoned, and the target of strategic tactics to deny Plaintiff his right to public participation.[1]

Defendants **do not** challenge the right to declaratory or injunctive relief as to his Article I, §2, of the California Constitution claim, only challenge the right to monetary damages. Defendants also **do not** challenge the Plaintiffs claim as to the interpretation of §422 of the Cal. Pen. Code and its *as applied* use to the Plaintiff to harass, intimidate, retaliate, and discriminate against him to exercise his right to publicly participate in the City's public meetings.

2.Defendants' motion attempts to paint a distorted picture of what it alleges:

[1] On April 4, 2017 Defendant City of Los Angeles filed a criminal charge of 1 count of "unlawful possession of an assault weapon" the Defendants' Attorneys may have violated ethics rule 5-100: Threatening criminal charges to **gain an advantage in a civil suit, Case #7 VW 01632.** The case collapsed, all gun charges were dropped, and a "disturbing the peace" *nolo contendere* plea was accepted.

- 2 -

multiple acts of deprivation of civil rights. The City acts in secret or mislabels its

actions to cover-up what is actually being done.[2]

3. Defendants also waive and fail to assert qualified immunity.

4. Defendant Wesson violated Plaintiff's right to free speech at a Brown Act

public meeting and retaliated against Plaintiff for the content of his speech.

Wesson also placed Plaintiff in a "false light in the public eye" by holding public

press conferences showing pictures of Spindler and the speaker card to mislead the

public that Spindler was wearing a hood with a swastika on it and "handing"

Wesson the speaker card on the May 11, 2016 meeting when that was false. It is

clear that causes of action for defamation, false light, and intentional infliction of

emotional distress be added as State law claims.

5. Defendant Rossitter prepared the paperwork to gain a fraudulent restraining

order falsely claiming Wesson was an employee of the Office of the City Attorney.

Rossitter according to the public record 14 days before the May 11, 2016 meeting

---

[2] Defendants' Council also leaked Plaintiff's criminal gun charge to the Media on March 29, 2017. The Municipal Court, however, did not enlist the filing **in the public record till April 4, 2017. The information Defendants' attorneys gained to file the criminal charge were garnered by the T.R.O. filing (a sham filing since "Herman J. Wesson, Jr." is not an "employee" of the City Attorney's office.** This is a serious ethics violation: CA. Ethics Rule 5-200, and 5-300: Leaking confidential information to the media and filing a patently false T.R.O. with patently false facts to a court of law.

- 3 -

prepared an affidavit falsely accusing Plaintiff of engaging in multiple incidences

and a pattern of harassment of Wesson, when in fact that was a lie and contradicted

the affidavits and testimony at the hearing on the T.R.O. As legal counsel to the

City of Los Angeles, Rossitter breached his ethical duty to the City and twisted the

law and facts to fabricate Wesson as a "victim" when in fact nothing of the kind is

true.

6. Defendant Reade arrested Spindler based only on a "narrative" from Wesson

which was self-serving and a lie. Reade failed to have probable cause of a crime

under P.C. §422 and instead knowing the law wasn't violated twisted the facts and

used a self-serving statement by Wesson to arrest Plaintiff and violate his civil

rights **knowing or in reckless disregard** of the law and proper police procedure

that no **on the scene** police report signed by an officer was in the case file. Rather

than question Spindler **first** before acting, Reade arrested Spindler then tried to get

a "confession" from Spindler when he realized quickly he was on thin ice. No

confession was gotten. The D. A. tossed the case out.

7. Defendant Nelly Nava-Mercado was a detective who worked under Reade

and listed herself as the primary arresting officer, which was done to mask Reade

- 4 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STRIKE.

from that. However, the booking information showed Reade's badge number as the second officer. Later it was learned Reade had been promoted in February 2016 to head of the Threat Management Unit, or T.M.U. This Defendant also acted in reckless and wanton disregard for the Law and proper police investigative procedure only relying on a self-serving statement from Wesson without any inquiry into the half-dozen cops who were in attendance at the May 11, 2016 meeting. Defendant like Reade violated Spindler's rights with this arrest. The arrest by Reade and Nava-Mercado also prevented Spindler from attending several Brown Act meetings that day, as they waited for Spindler **literally on the steps of City Hall** to show up and arrest him entering a public meeting.

8. The City of Los Angeles failed to have any quality controls and supervision of Defendants' Wesson, Rossitter, Reade, and Nava-Mercado and allowed these Defendants to act alone or in reckless disregard for the Law.

### 1.        <u>LEGAL STANDARD.</u>

A motion to dismiss under Rule 12(b)(6) may be considered as a motion for summary judgement when the motion present matters outside the pleadings *See* Fed. R. Civ. P. 12 and 56. Plaintiff's opposition must contain evidence extrinsic to the pleadings to demonstrate a genuine material dispute exists

- 5 -

setting forth facts specific to the case *see* Fed. R. Civ. P. 56(e). This opens

the door to the Plaintiff presenting documentary evidence admissible within

the meaning of Rule 56(e).

The Court may make its decision without a hearing on the papers;

Fed. R. Civ. P. 78, Local rule 7-15.

The Court should grant leave to amend when a claim has been stated, as

Normally when a viable case may be pled, a District Court should freely grant

leave to amend. *Cafasso v. Gen. Dynamics C4 Sys.* 637 F.3d 1047 (9th Cir. 2011.)

Plaintiff submits his declaration and other evidence. Plaintiff will show

the Defendants' act with a policy of repeatedly and knowingly violating the open

meeting rules and using its so called rules of decorum to deny public participation

and use the L.A.P.D. and its cops to enforce this illegal and illicit behavior.

The Defendants do not challenge the Plaintiff's claim for Relief challenging

the CA. Penal Code §422 on its face and as-applied, or Plaintiff's as-applied

challenges to the Rules.

The Defendants also do not challenge the II Amendment Right violation claim

as they obtained Plaintiff's Guns through the ruse of the T.R.O. and even expanded

- 6 -

the violation to the filing of a criminal complaint! Plaintiffs do not challenge **non-money** claims to free speech clause violations.

## II.        ARGUMENT.

### A.        STANDARD ON MOTION TO DISMISS.

1. motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint; i.e. not whether claimant will ultimately prevail, but whether he is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997.) The District Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party (here the Plaintiff), *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996.) Dismissal of the complaint is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. Twombly* 550 U.S. 544 (2007.)[3] Plaintiff must plead more than bare unsupported conclusions, and must state a plausible claim for relief. *Ashcroft v. Iqbal* 556 U.S. 662 (2009.) Clearly, the Defendants read the complaint and see clearly the claims alleged are in the nature of a *"Monell"* claim at a minimum, that a local government such as the

---

[3] Given the liberal pleading standard, the District Court should grant the Plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States* 58 F.3d 494, 497 (9th Cir. 1995.)

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

City of Los Angeles is a "person" who can be sued under 42 U.S.C. §1983

if a Plaintiff alleges his injuries were inflicted pursuant to an official City policy

**or custom.** *Monell v. Dep't of Social Services of City of New York* 436 U.S. 658

(1978.) *Monell* claims are allowed even when the "custom" of deprivations of

rights has not received formal approval through the City's decision-making

channels, just stated policies that violate one's civil rights, but claims showing an

unwritten policy of conduct that is established policy of the Government

defendant, *Thompson v. City of Los Angeles* 885 F.2d 1439 (9th Cir. 1989.)

Defendants waive and do not challenge the "as-applied" challenges to their

deceitful course of conduct. The 9th Circuit has two types of as-applied challenge

standards: "paradigmatic type" which is one that tests a statute's constitutionality

in one particular fact situation while refusing to adjudicate the constitutionality of

the law in other fact situations, and the second where "based on the idea that the

law itself is neutral and constitutional in all fact situations, but that it has been

enforced selectively in a viewpoint discriminatory way. *Hoye v. City of Oakland*

653 F.3d 835, 854 (9th Cir. 2011.) On the second tier "as applied" challenge

is a fact based inquiry whereby deposition evidence of Councilmembers or other

types of policy evidence, is required. *Dowd v. City of Los Angeles* (August 7, 2013

- 8 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

U.S. Dist. Ct. Central Distr. Case #CV 09-06731) 2013 U.S. Dist. LEXIS 111435 at *49 ; 2013 WL 4039043. (Pl. Jud. Notice Exhibit K.)

Clearly the City's Attorney must have "forgot" that in 2013 Judge Dean D. Pregerson ruled on this very issue. The City briefed the case as if the policy of depriving public speech at their meetings or relation against such speaker has to be **a written one.** That is clearly nonsense and Judge Pregerson told that to the City who 4 years ago continues to violate the rights of public speakers in the exact same ways! (Pl. Jud. Notice, exhibit K.) In 2012, the same (Pl. Jud. Notice, exhibit L.)

## B.   <u>STANDARD ON MOTION FOR SUMMARY JUDGEMENT</u>

1.With respect to summary judgement, one must view the evidence in the light most favorable to the non-moving party (here the Plaintiff)as to: whether there are any genuine issues of material fact and whether the correct substantive law is applied to the case, *Ashton v. Cory* 780 F.2d. 816 (9th Cir. 1986.)

2.The Defendants cite the case and controversy of *Michael Hunt v. City of Los Angeles* 2012 U.S. Dist. LEXIS 191441 (December 6, 2012.) That case and two other cases alleged the City of Los Angeles uses it rules of decorum and as-applied custom of P.C. 403, *et. seq.* are used to silence people who dare go to the City's otherwise "limited public forums" under the Ralph M. Brown Act. The Defendants

- 9 -

are once again in Federal Court doing alleged acts in the same manner years later. *Dowd v. City of L.A., supra.* Now the City abuses P.C. §422 and mislabels a protected activity—a cartoon with "offensive" words used to speak at a public City meeting as a "criminal threat." Again, the City is suppressing free speech, again, and is trying to go down the "it's a threat" line of thinking, using restraining orders under "workplace violence" and arrests for "threats" this time around. Same City, slightly different illegal tactics.

3.This condition of retaliation, discrimination, and harassing public speakers the City doesn't like is and has been a long standing and on-going condition. This creates a presumption against the City that it deprives Plaintiff and others of their civil rights when going to or trying to participate in its meetings, such that the City must now going forward present evidence to show it remedied the open meeting violations or that it was an isolated incidence. Fed. R. Evid 301; *Anela v. Wildwood* 790 F.2d 1063, 1067 (3rd Cir.) *cert. denied* 479 U.S. 949 (1986)(allegation a City failed to provide bed or mattress to pretrial detainees states actionable constitutional claim.)  Plaintiff did study the *Hunt* case and did use the pleadings to help him fashion his claim. Plaintiff also found out the *Dowd* lawsuit covered the City Council meeting issues, not just the Venice

- 10 -

Boardwalk issues.

4.Under the Ralph M. Brown Act, Gov't Code Section §54953.3 it states that one may be anonymous at meetings. Defendant Wesson instead named me by name and subjected to ridicule, death threats, and retaliation. The law allows attendance at public meetings and no retaliation for speaking is allowed. Gov't Code §54954.3(a); Council Rule *7. The speaker card is part of Plaintiff's free speech, part of his protest, part of his opinion. It was handed in to speak and opine on major public issues of interest. This is a fundamental and protected right under state law; Brown Act (Pl. Judicial Notice, Exhibit A.)

The policy set out by Defendant's retaliation are *ultra vires* State law and therefore **are void.** The City of Los Angeles is a municipal corporation, and therefore like a regular corporation it cannot act outside the Law, if it does so its actions are void and thus *ultra vires* its powers under its charter, *Ali v. City of Los Angeles* 77 Cal. App. 4th 246 (1999); *Neighborhood Action Group v. County of Calaveras* 156 Cal. App. 3d 1179 (1984); and *Harris v. Alcoholic Beverage Control Appeals Board* 228 Cal. App. 2d 1 (1964.) Any actions that follow from that are also *ultra vires.* Plaintiff fully briefed this issue to show the T.R.O. was void the moment it was filed (Pl. Judicial Notice, Exhibit B.)

- 11 -

## C. **P.C. §422 as applied is unconstitutional.**

1. The Section Plaintiff was cited for is as follows:

> "California Penal Code §422(a) states Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as threat…is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of Execution of the threat…."

For this crime to exist, the cartoon drawing on the speaker card during a protected activity where there was no verbal threat whatsoever, and the Plaintiff having no history of violence or even a criminal record and well known as the last person to do anything to anyone but speak at meetings and irritate the Government, would have to be interpreted in such a way to make it into a an immediate threat to do what? Lynch someone? Burn something? Say "nigger?" Say "Fuck You?" Carry a rope? Carry a sign or banner? Burn a cross? And when was this alleged "threat" going to happen? How was it going to happen on the 2nd floor of a secure building in a secure meeting room? Highly offensive drawings like "Fuck the Draft" on a shirt and

- 12 -

saying "Nigger" are protected free speech, *Brandenberg v. Ohio* 395 U.S. 444 (U.

S. 1969.) The speaker must **intend to make a "true threat"**

*Watts v. U.S.* 394 U.S. 705 (1969)(*per curiam.*) The City in error cites this case

the speaker does not have to **intend** a threat, when in fact political speech was

all the drawing was. *Cohen v. California* 403 U.S. 15 (1971.)

2.The Arrest on May 13, 2017 was pretextual[4], as the primary purpose of the stop

and arrest was punitive and retaliatory in nature, in order to sanction Plaintiff

for his ongoing activism, writings on cards, and sometimes wearing  of symbolic

political garb as a form of political activism, in order to prevent Plaintiff from

addressing the Council as I am entitled to. This is a chilling effect of my free

speech right and free assembly rights under the First Amendment and Article I,

§2 of the California Constitution.

3.So anyone who writes anything on a speaker card can be arrested and

imprisoned for attending a meeting, like in Cuba. The City Officials just have

to say it made them afraid and use some type of wording to make it look like

the speaker was intending to scare him or her. It really is brilliant when one

looks at it. It is clever. It is a perfect way to rid meetings of gadflys or anyone

---

[4] *United States v. Smith* 802 F.2d 1119 (9th Cir 1986) whether an arrest is a
mere pretext to search turns on the motivation or purpose of the arresting officers.

- 13 -

---

else not liked. The problem is---it's unconstitutional and illegal.

**D.  Civil Code of Procedure §527.8 as applied is unconstitutional.**

1. The City has been repeatedly using CA. Civil Code of Procedure §527.8 against **other gadflies: 1/ David Saltzberg, aka Zuma Dogg the co-plaintiff in the** *Dowd* **suit got a 3 year "workplace violence TRO against him in 2012; 2/ Myself in 2016; 3/ Michael Hunt had one filed against him too in 2016; 4/ protestor in North Hollywood in 2016 filed by Council member Paul Krekorian (who filed the Zuma Dogg TRO.) 5/ Matt Johnson got the same 3 year TRO against Mr. Ferguson of Black Lives Matters a few months ago.** The City is using the "workplace" to mean public spaces in City Hall which have the highest free speech protections, and attempt to call speakers "a threat" and thus shut them down! (Pl. Judicial Notice ,Exhibits B, C, E.)

2. These injunctions under this law are a horrible thing to get. You can't own a weapon for 3 years even in your own home or business. You are listed on every cop data base as a "threat." Its a public record---try getting a job with one of those on your record! It's so easy with L.A.P.D. for one of these Councilmembers to say "oh...your threatening me again." Then the person is immediately arrested for a misdemeanor! So in the case of the Black Lives Matters, the lead guy

- 14 -

Ferguson doesn't go to Police Commission meetings anymore for fear of getting arrested. So, the City's misuse and abuse of Civil Code of Procedure §527.8 by Defendant Rossitter (who filed all of these cases under this statute) has been a rousing success—I'm the only one left who dares enter the sacred chamber of public meetings with one of these (of course I'm appealing mine.)  Public meetings are, for most, much better off now without Zuma Dogg, Hunt, or B.L.M. and are quite cordial now. The problem is---it was accomplished through brute Government force by misapplying a law to do it to suppress free speech.

3. In fact, the Court can take judicial notice that meetings **I don't attend** at City Hall are much more pleasant and the City officials really like it. The problem is that I have the right to go and protest at City Hall. But if the 1rst Amendment must be sacrificed in order to have pleasant meetings with happy smiling City Officials, then that will be the price we all shall pay.

E. **The Rules of the Los Angeles City Council are as applied illegal.**

1. The Rules of the L.A. City Council (Exhibit B Defendant's Judicial Notice) are as applied and facially unconstitutional. Rule 12 Rules of Decorum, are vague and overbroad. Particularly 12(b):

"No person in the audience at a Council or Committee meeting shall engage in conduct that disrupts the orderly conduct of any Council or Committee

- 15 -

meeting, including, but not limited to, the utterance of loud, threatening, or **abusive language**, whistling, clapping, stamping of feet, repeated waiving of arms or other disruptive acts." (emphasis mine.)
The removal of persons the "presiding officer" wants removed **is unfettered under the City's Rules.** The City, *ultra vires* it's authority does **not require or mandate a warning first.**

2. The "violation" *de jure* that the Councilmembers use the most are that the speaker is "not on topic." The Presiding Officer usually interrupts constantly or just rules the speaker is not speaking "on the topic" and then the speaker's time is either cut down next to nothing, or "forfeited." Then if **anything is said next then the speaker is thrown out of the meeting.** The City Council amended their Rules now to a draconian "3 and 1." In Committees it's "2 and 1."

> "(c) The legislative body of a local agency shall not prohibit public criticism of the policies, procedures, programs, or services of the agency, or the acts or omissions of the legislative body. Nothing in this subdivision shall confer any privilege or protection from expression beyond that otherwise provided by law." Gov't Code §54954.3(c).

3. The Defendants are not allowed to design their interpretation and rules to quell criticism of themselves or their activities, *Leventhal v. Vista Unified School District* 973 F. Supp 951 (1997); *Baca v. Moreno Valley Unified School District* 936 F.Supp 719 (1996.) Prohibiting critical comments is a form of

- 16 -

viewpoint discrimination.

Rule 80 (page 59, Defendant's judicial notice) states:

"The Sergeant-at-Arms of the Council shall be a police officer assigned by the Chief of Police. There shall be at least one member so assigned and present at each meeting of the Council. **The officer shall maintain order and enforce the orders of the Council and the Presiding Officer...**" (emphasis mine.)

4. Thus the Rules clearly indicate that the "officer" has other lawful authority to use to take action against actual disruption that violates the peaceful and civil conduct of a limited public forum. The rules do not say the "Presiding Officer's" "orders" **have to be lawful!** The Rules are as applied to Plaintiff and in their substance a Due Process violation.

## F. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331.

1. Violation of Civil Rights under 42 U.S.C §1983, deprivation under color of statute, ordinance, regulation, custom, or usage of right, privileges, and immunities secured by Plaintiff by the 1rst, 4th, 5th, and 14th Amendments.

2. II Amendment right to bear arms violations by the City.

3. The Defendant City had ratified, and implemented policies and procedures, Customs, and practices of L.A.P.D. under Defendant Beck's command and under

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

the leadership of defendant Soboroff and Johnson, which permits and encourages peace officers, employees, and officials to unjustifiably, and unreasonably violate the constitutional rights of unarmed suspects.

4. Between the years 2011 to 2015, the L.A.P.D. was involved in 2,000 shootings. Of 'those shootings, L.A.P.D. Officers killed 174 persons, 149 of these killed people, or 81% **were non-white and/or minority.** Plaintiff has also publicly accused the L.A.P.D. of harsh policies geared toward "re-development zones" that is where the City wants to build in minority/poor areas of the city that have rent-controlled apartments.

5. The Defendants and their City's L.A.P.D. engage in a "code of silence" as misconduct, corruption, crimes, and unreasonable and/or use of excessive force are covered up by other cops in the Department and above. The "code of silence" encourages officers to commit insubordinate acts, generate false reports, and use unreasonable and/or excessive or unreasonable force in an environment which condones, ratifies, and enables officer misconduct and/or use of excessive force.

6. Plaintiff has a multitude of complaints to the L.A.P.D.  as well as claims of violations filed with the City Attorney's office [5] and **all of which resulted in no**

---

[5] Council Rule *89 (Defendant's Judicial Notice, page 62 states "All tort claims filed with the City Clerk for presentation to the Council shall first be

**discipline for L.A.P.D. officers or any corrective actions by the City Attorney who does not follow the Rule \*89 protocals.**

7. The City has no interest or any policy or procedure to properly address, correct, and cure violations it is continuing to inflict upon victims and has been doing so for a very long time.[6]

8..If the Council doesn't act on the claim by State Law timelines, then the "...City Clerk shall file the report and recommendations of the City Attorney thereon without presentation to the Council and the City Clerk shall notify the claimant of such action and the reason therefor. (Rule \*89.)

9. Plaintiff's claims attached to his Complaint, Therefore, the City of Los Angeles violates its own Rules. It has effectively suspended rule \*89 illegally.[7]

10.The City also arrests people for charges that ultimately it doesn't even file The claims statute also enable the public entity to engage

in rational fiscal planning for potential liabilities and to avoid similar liabilities in the near future, *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730.

---

referred to the City Attorney for report and recommendation to the Council."

[6] Rule \*89 is marked with an "\*" thus "Rules marked with an asterisk (\*) may not be suspended. See rule \*76." (page 38. Plaintiff's request for judicial notice.)

[7] Rule \*76 states "These Rules or any one or more of them, except those marked with an asterisk (\*), may be suspended by a vote of two-thirds of the members of the Council, unless other legal impediments exist."

– 19 –

---

11. Defendants cleverly try to state that without an "official policy" of discrimination, there can be no municipal liability under a *Monell* claim. However, written policies and **conduct both qualify to define** *Monell* claims. The conduct which is longstanding such as the "code of silence" and violation of City Rules and City Rules that conflict with State law, as well as actions taken that are *ultra vires* by the City that are done enough times over to constitute a policy in effect, that is an actionable "official policy" under *Monell.*

## G. <u>SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367(a)</u>

1. Assault, battery, false imprisonment, and negligence under state law is allowed in this proceedings.  Municipal liability as a no probable cause arrest and improper supervision by the City as per Cal. Gov't Code §§ 815.2, 820, and 825. As well, as under 42 U.S.C. §1983. As well the Cal. Torts Claim Act allows "as applied challenges" to rules of decorum and operations of hearing entities, and violations of Civil Rights under CA. Civil Code §52.1. Defamation, slander, and false light.

## H. <u>DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY</u>

1. The individual Defendants are **not** entitled to qualified immunity because the actions taken by the Defendants are administrative actions which violated clearly established rights, and the individual Defendants did not enforce the Rules and

- 20 -

the Law in a reasonable manner.

2. City Officials are entitled to qualified immunity if their acts are legislative, not administrative, in nature *Norse v. City of Santa Cruz* 629 F.3d 966 (9th Cir. 2010.)

3. The action is the key: "Whether the act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998.) Defendants' actions were administrative, not legislative because

4. Whether public officials' actions are entitled to qualified immunity is dependant upon the "objective legal reasonableness" of the action in light of clearly established rights. *Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir. 1994.); *Anderson v. Creighton,* 483 U.S. 635, 639 (1987.) "Where a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity. Similarly, an officer who unlawfully enforces an ordinance in a particularly egregious manner, or in a manner which a reasonable officer would Recognize exceeds the bounds of the ordinance, will not be entitled to immunity even if there is no clear case law declaring the ordinance of the officer's particular conduct unconstitutional." *Grossman,* 33 F.3d at 1209-10.

- 21 -

5. Where, as here, genuine questions of fact exist whether an official's conduct was "objectively reasonable," the issue of qualified immunity cannot be decided on a motion to dismiss. *Adams v. Spears* 473 F.3d 989, 993 (9th Cir. 2007); *Herrera v. Metropolitan Police Department* 298 F.Supp 2d 1043 (D. Nev. 2004); *Santos v. Gates* 287 F.3d 846, 855-856 (9th Cir. 2002)("questions of reasonableness are not well-suited to precise legal determination," citing *Chew v. Gates* 27 F.3d 1432, 7th Cir 1994.)

## III.   <u>PUNITIVE DAMAGES</u>

1. Defendants Wesson, Rossitter, Reade, and Nava-Mercado are all liable for punitive damages if they acted with "malice, oppression, or fraud" in their actions against Plaintiff, Cal. Civil Code §3294. Plaintiff pled that the Defendants acted with such "malice and oppression." CA. Civ. Code §52.1 The Plaintiff was subject to arrest and injured his mental well being and physically harmed him with the stress and being cuffed and stuffed in cars, cells, and one time having a mic grabbed out of his hand while speaking.

2. The City of Los Angeles is liable for punitive damages, as **a municipal *entity* is liable for punitive damages** if a formal **or informal** policy, practice, or custom led to the Plaintiff's injury, and this policy, practice, or custom reflects deliberate

- 22 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE.

indifference to the constitutional rights of the entity's inhabitants, *Castro v. County of Los Angeles* 797 F.3d 654, 670 (9th Cir. 2015.)

3.   The City's custom of arresting, harassing, annoying, retaliating, and discriminating against public speakers at its "limited public forums" **who disagree with the City or its Electeds or criticizes its employees openly** is longstanding and well known. Thus contrary to the City Attorney, Her employer the City of Los Angeles *is liable for punitive damages.*

The State Bar of California will not investigate the City as my bar complaint against defendant Rossitter has shown. The F.B.I., Cal. Dept. of Justice, and the County D.A. also do not monitor or supervise City Hall. The City has no one or a mechanism of "checks and balances" on wayward City employees or to monitor and discipline violations of the Law. The City is in reckless disregard of the Law and allows malicious behavior to go by its employees unfettered.

## IV.   **MOTION TO STRIKE.**

Rule 12(f) of the Federal Rules, items in a complaint that are "redundant, immaterial, impertinent, or scandalous" should be removed from the complaint to avoid unnecessary litigation on immaterial issues.

The Defendants' list 10 parts of the complaint that they cite should be striken:

- 23 -

1.               Complaint p.5, ll. 16-18—Agree, strike it

2.               Complaint, p.17, ll. 18-28; p.18 1.1; Exhibit I, pp. 81-82.—Relevant and stays in: shows Defendant Rossiter has outside businesses that reportedly went unregistered, which as a Gov't attorney has to register.

3.               Complaint p. 18 ll. 2-20 Exhibit H, pp. 76-79. Relevant to intent to filed a criminal complaint against the Plaintiff as a possible source of money he needed to pay his debts, that Wesson has a repeated difficulty with paying his bills and even taxes. Relevant to issue whether he lied he was "afraid" of the speaker card or whether he lied about it.

4.               Complaint, p.19 ll.11-28; p. 20. 1.1 relevant and public record as Bakewell was very active in Wesson's corner orchestrating those press conferences showing **in a false light** Plaintiff allegedly "wearing a hood and handing a speaker card" to Wesson! EKA's Eric Rose chose to go public that he filed the Bar complaints, it is a public record. E.K.A. profits from City Hall.

5.               Complaint, p.20, ll. 21-28, p.21 1.1—Relevant to the issues in #3 above. People in dire financial situations are more capable of errant actions to pay their debt-holders. The City next says Wesson "had no control over" the felony prosecution. Wesson initiated the entire thing with a "narrative."

- 24 -

6.　　　　　　Complaint, p.21, l. 11---Agree to strike

7.　　　　　　Complaint, p.22 ll.25-27; p.23 ll.1-10: proper pleading for a claim for punitive damages. Issue was brief earlier.

8.　　　　　　Complaint, p.24 ll.20-24; p.25 ll. 1-2-Agree to strike.

9.　　　　　　Complaint, p.27 ll. 20-21; p.28 1.7-Relevant to a plea for punitive damages. As #7 the issue was briefed. All defendants are liable for Punitive damages, provided proven to the jury.

10.　　　　　　Complaint, p.27, ll.23-25—Agree to strike.

## V. <u>CONCLUSION.</u>

Plaintiff requests this Court to deny the Defendant's Motion to Dismiss; and to deny in part and grant in part its motion to strike. Let the Court grant partial summary judgement in favor of Plaintiff on the issue of establishing that an *as applied* challenge to the Defendants' actions has been satisfied.

Dated this 17 Day of July 2017

_____

Wayne Spindler
*In propia persona*

- 25 -