LODGED

2017 JUL 21 PM 1:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Wayne Spindler
P.O. Box 16501
Encino, CA. 91416-6501
(213) 381-1403—phone
(213) 381-5542-fax

*In propia persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wayne Spindler,**<br>        **Plaintiff,**<br><br>vs.<br><br>**City of Los Angeles; Herman J. Wesson Jr.; Hugo S. Rossitter; Eric Reade; Nelly Nava-Mercado and Does 1 to 10,**<br><br>        **Defendants.** | Case No.: 2:17-cv-00250-JLS-E<br><br>Complaint Filed: January 11. 2017<br>**DEMAND FOR JURY TRIAL**<br><br>{Honorable Josephine L. Staton}<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**<br><br>Due Date: July 24, 2017<br>Hon. Charles F. Eick<br>[filed concurrently with Request for Judicial Notice; Plaintiff's Memorandum of Points and Authorities; Plaintiff's Declaration; and Statement of Genuine Disputes.] |

- 1 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

# [PROPOSED] ORDER

The Motion to Dismiss pursuant to FED. R. CIY. PRO. 12(b)(6) and the Motion to Strike pursuant to FED. R. CIY. PRO. 12(f) by Defendants City of Los Angeles (the "City"), Herman J. Wesson, Jr., Hugo S. Rossitter, Eric Reade, and Nelly Nava-Mercado (Collectively "Defendants") requesting the Court dismiss the Complaint of Plaintiff, *in pro per* Wayne Spindler ("Plaintiff') came on for hearing before the Honorable Charles F. Eick who waived oral argument and decided the matter in chambers, See Fed. R. Civ. P. 78; Local Rule 7-15. After consideration of the briefs and attachments thereto of all parties, and all other matters presented to the Court, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. PRO. 12(b)(6) is DENIED. Defendants' motion is DENIED for the following reasons:

1. Plaintiff's *First Amendment* Claim is sufficient, either from his arrest (First Claim for Relief) or from the Defendants' use of Rules of Decorum

- 2 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

("Rules") (Second Claim for Relief). Plaintiff was allegedly arrested for violation of law without probable cause, and to allegedly chill his speech. The Rules, properly subject to Judicial Notice, reflect facially constitutional, reasonable, content-neutral, time, place and manner restrictions during public meetings, however as applied are allegedly discriminatory against Plaintiff and actionable

2. Plaintiffs *Fourth Amendment* unconstitutional arrest Claim moves forward (First Claim for Relief) as there was not probable cause for his arrest and there was excessive force. Injury was shown to emotional distress, being cuffed to a chair and being cuffed and held for hours, physical injury to back and legs.

3. Plaintiffs *Fifth Amendment* Claim states a claim either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) as there was due process violations arising from Plaintiffs pre-trial detention or from use of the Rules, which give notice of procedure to attendees of public meetings of which Plaintiff was guaranteed.

- 3 -

4. Plaintiff's *Eighth Amendment* cruel and unusual punishment claim from his arrest (First Claim for Relief) is plausible as Plaintiff was not convicted and sentenced to any cruel and unusual punishment, but was subject to cruel and unusual punishment.

5. Plaintiffs *Fourteenth Amendment* Claim is plausible either from his arrest (First Claim for Relief) or the Defendants' Rules of Decorum (Second Claim for Relief) and the *Fourth and Fifth Amendment* claims are plausible claims.

6. Plaintiffs Claim for Violation of *Article* 1, *Section* 2 *of the California Constitution* (Free Speech Clause) either from his arrest (First Claim for Relief) or the Defendants' use of Rules of Decorum (Second Claim for Relief) are plausible, as this claim is coexistent with the *First Amendment* claim. Further, no money damages are available to Plaintiff for violation of the Free Speech Clause as a matter of law, but non-money damages are.

7. Plaintiff's 42 U.S.C. §1983 and *Monell* claims are actionable either from his arrest (First Claim for Relief) or the Defendants' Rules of

- 4 -

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).**

Decorum (Second Claim for Relief) as there is constitutional deprivation and Official custom or/and policy of discrimination.

8. All Defendants are **not** entitled to qualified immunity as a matter of law, including the "City of Los Angeles" of which is a municipal corporation.

9. Plaintiff is entitled to proceed with punitive damages from all named Defendants, including the "City of Los Angeles" of which is a municipal corporation.

10. Plaintiff's Third claim for fabrications states a cause of action.

11. Plaintiff Fourth Claim under the Bane Act (CA. Civil Code Procedure §52.1 states a cause of action.

12. Plaintiff's Fifth Claim for malicious prosecution states a cause of action.

13. Plaintiff's sixth claim for relief for false imprisonment states a cause of action.

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).

14. Plaintiff's sixth cause of action for attempted extortion states a cause of action.

15. Plaintiff's sixth cause of action for Malicious Interference with Business Relations states a causes of action.

16. Plaintiff's sixth cause of action for harassment states a cause of action.

17. Plaintiff's sixth cause of action for retaliation states a cause of action.

18. Plaintiff's sixth cause of action for theft states a cause of action.

19. Plaintiff's sixth cause of action for Anti-Slapp states a cause of action.

FURTHERMORE, and in the alternative, IT IS HEREBY ORDERED the Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) is DENIED except that the motion is GRANTED IN PART and the Court hereby strikes the following language from the Complaint on the following grounds:

- 6 -

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).

1. Complaint, page 5, ll. 16-18, immaterial.

2. Complaint, page 21, line 11. immaterial

3. Complaint page 24, lines 20-24, page 25 ll.1-2 redundant and immaterial.

4. Complaint page 27, ll 23-25. immaterial.

IT IS SO ORDERED

DATED:_____                    _____

Honorable Charles F. Eick

United States District Judge

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND ITS MOTION TO STRIKE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f).